place a non-tenure teacher on tenure or issue such a teacher a third-year probationary contract. It is argued that if Davis was to be reinstated, defendant had discretion, under section 24—11 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 24—11), to either extend his tenure or offer him a third-year probationary contract. We disagree. This argument overlooks the statutory requirement that the option of extending a probationary teacher to a third-year probationary contract must be exercised within 60 days of the end of the second consecutive school term of probationary teaching. The defendant did not exercise this option within the required time and in the required manner. Instead, it improperly attempted to terminate Davis' employment. Upon completion of his second term of probationary teaching defendant had no discretion remaining because Davis had automatically acquired tenure by operation of the statute. *Donahoo v. Board of Education* (1952), 413 Ill. 422, 109 N.E.2d 787.

Judgment affirmed.

McNAMARA, P. J., and McGLOON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES HYMAN, Defendant-Appellant.

(No. 59023; )

First District (3rd Division)—October 3, 1974.

PER CURIAM.

Paul Bradley and Richard D. Thomas, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Assistant State's Attorney, of counsel), for the People.