THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JOSEPH CARLTON, Petitioner-Appellant.

(No. 61461; 

First District (2nd Division)—August 5, 1975.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

PER CURIAM: (Before Downing, P. J., Stamos and Leighton, JJ.):

Joseph Carlton, petitioner, was found guilty after a bench trial of the crimes of rape and robbery. He was sentenced to a term of 7 to 20 years

on each charge, the sentences to run concurrently. Petitioner appealed and on May 6, 1974, this court affirmed the judgment of conviction. *People v. Carlton*, 19 Ill.App.3d 743, 312 N.E.2d 744.

On June 13, 1974, petitioner filed a pro se post-conviction petition. Counsel was appointed to represent petitioner, and on January 14, 1975, upon motion of the State, petitioner's pro se post-conviction petition was dismissed without an evidentiary hearing. Petitioner appeals that dismissal.

The public defender of Cook County, who was appointed to represent petitioner on appeal, has filed a motion in this court for leave to withdraw as appellate counsel. The motion is supported by a brief pursuant to the requirements set out in *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The brief states that the only possible argument which could be raised on appeal is that the trial court improperly dismissed petitioner's pro se post-conviction petition without an evidentiary hearing. The brief concludes that there is "no argument which a lawyer could make in good faith in support of this appeal." Petitioner was mailed copies of the motion and brief on May 16, 1975. He was informed that he had until July 15, 1975, to file any additional points he might choose in support of his appeal. He has responded.

The brief of the public defender of Cook County states that the only possible argument which could be raised on appeal is that the trial court improperly dismissed petitioner's pro se post-conviction petition without an evidentiary hearing. The pro se post-conviction petition alleged that the trial court did not adequately admonish the petitioner as to his right to a trial by jury.

■■ The rule is well established that where a defendant takes a direct appeal of his conviction, all claims which are raised in those proceedings cannot be raised subsequently in post-conviction proceedings under the doctrine of res judicata. (*People v. Weaver*, 45 Ill.2d 136, 256 N.E.2d 816.) The concept of res judicata also includes all claims which were known from the original trial record and which could have been raised on direct appeal but were not, those claims being considered waived. *People v. Adams*, 52 Ill.2d 224, 287 N.E.2d 695.

In the case at bar, petitioner's present argument that he was not properly admonished as to his right to a trial by jury was fully known from the original trial record. Since petitioner did not raise this argument on direct review of his conviction, he is now barred from raising the argument for the first time in post-conviction proceedings.

In his response to this court, petitioner has argued several factual issues which he claims raise a reasonable doubt as to his guilt. In his direct appeal petitioner argued that the evidence was insufficient to

establish his guilt beyond a reasonable doubt. After an extensive review of the record, this court rejected petitioner's contention and affirmed his conviction. Having once raised this issue in his direct appeal, petitioner is now barred from relitigating the issue in post-conviction proceedings under the doctrine of res judicata.

■■ In addition, the rule is well established that questions as to the sufficiency of evidence do not present a constitutional issue and cannot be properly considered in post-conviction proceedings. *People v. Dunn*, 52 Ill.2d 400, 288 N.E.2d 463.

■■ In his response to this court, petitioner also argues that his actions amounted to theft and not robbery since the article was taken from the complainant "without any sensible or material violence to the person." Petitioner was convicted of robbery which is defined as the taking of "property from the person or presence of another by use of force or by threatening the imminent use of force." (Ill. Rev. Stat. 1973, ch. 38, par. 18—1.) The use of force or intimidation is the crux of the charge of robbery and distinguishes it from theft. *People v. Hyman*, 23 Ill.App.3d 661, 320 N.E.2d 354.

In the case at bar the facts as stated in this court's opinion affirming petitioner's conviction established that the petitioner and a second man grabbed the complainant as she walked down the street. One of the men put his arm around the complainant's neck and ordered her not to scream. Each man grabbed one of the complainant's arms and forced her into a yard and then onto a porch. During the incident the complainant was slapped in the face and her life was threatened. One of the men produced a razor and informed the complainant that the razor was to make sure that she didn't try to run. These facts were sufficient to demonstrate that the property was taken from the complainant's person through the use of force. Petitioner was properly convicted on the charge of robbery.

■■ We have examined the record, which includes the colloquy between the trial court and the defendant at the time he, with counsel present, waived a jury trial, and concur in the opinion of the public defender of Cook County that the arguments thus raised are not arguable on their merits. Our independent inspection of the record does not disclose any additional possible grounds for an appeal. Accordingly, the motion of the public defender to withdraw as counsel on appeal is allowed, and the judgment of the circuit court of Cook County, dismissing the post-conviction petition, is affirmed.

Motion allowed; judgment affirmed.