THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE CARROLL, Defendant-Appellant.

First District (4th Division)    No. 63200

Opinion filed February 3, 1977.

James Geis and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

On November 8, 1965, Clarence Carroll, hereinafter called petitioner, was found guilty after a bench trial of the offense of murder and was sentenced to not less than 30 years nor more than 60 years in the penitentiary. Petitioner appealed his conviction and this court affirmed the judgment and conviction. *People v. Carroll* (1968), 101 Ill. App. 2d 142, 241 N.E.2d 629 (abstract opinion).

Petitioner subsequently filed a *pro se* petition pursuant to the Post-Conviction Hearing Act. Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*

On May 5, 1971, petitioner's post-conviction petition was dismissed. On June 4, 1973, the Illinois Supreme Court reversed and remanded the cause for further proceedings when the Attorney General confessed error on the appeal of that dismissal. (Reasons for the confession of error and reversal do not appear in the record before this court.)

The *pro se* conviction petition filed is a detailed one in which petitioner alleges what he conceives to be many constitutional errors. On March 27, 1974, additional counsel was appointed by the trial court.

On June 20, 1975, appointed counsel filed with the trial court, and read

into the record, a letter dated June 13, 1975, a copy of which he had mailed to the petitioner. The letter read in pertinent part:

"I am writing this letter to inform you of the research and preparation concerning your pending post-conviction petition before Judge Dahl. I am sorry to inform you that it is the opinion of this office that you will not be successful in your efforts to gain reversal of your conviction by way of a post-conviction petition.

\* \* \*

Your post-conviction petition is coming up on June 20, 1975 before Judge Dahl. He will be informed of my analysis of the case at that time \* \* \*. However, it is our opinion that you would be wasting your and your attorney's time in that regard \* \* \*."

On September 12, counsel, reiterating the position taken in his letter previously read into the record, informed the court that in his opinion there were "no issues of constitutional magnitude that could be couched in a petition for post-conviction relief and therefore no petition has been prepared and filed with the court for purposes of a proceeding."

The court dismissed the proceedings. Petitioner appeals from that dismissal.

The office of the State Appellate Defender was appointed to represent the petitioner on this appeal and has filed a motion to withdraw under *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 493, 87 S. Ct. 1396, supported by a brief, on the grounds that an appeal from the denial of the post-conviction petition would be without merit and could not possibly be successful.

On October 26, 1976, a copy of the motion and brief was mailed to petitioner, allowing him until December 20, 1976 to file points he might choose in support of his appeal.

On December 10, 1976, petitioner filed, *pro se*, with the clerk of this court a document entitled "Brief and Memorandum In Support of Motion in Opposition To Appointed Counsel's Motion For Leave To Withdraw."

We have reviewed petitioner's motion and brief and are of the opinion that the points raised and arguments advanced therein are, in substance, the same as those raised in the petition for post-conviction relief filed in the trial court, with the exception that petitioner now raises the issue of ineffectiveness and incompetence of counsel on the initial appeal of his conviction. In this regard he alleges, *inter alia*, that " \* \* \* the material facts were never fully developed in the appellate court," thus " \* \* \* the petitioner did not receive a full, fair and adequate hearing in the appellate court." Petitioner then seeks to support these contentions by again reciting some of the very same allegations set forth in his post-conviction petition.

## I.

Petitioner first argues that his appointed trial counsel was ineffective by reason of his failure to make certain objections and to take certain actions. However, since those arguments could have been raised on appeal of his conviction, they may have been waived. *People v. James* (1970), 46 Ill. 2d 71, 263 N.E.2d 5; *People v. Chandler* (1976), 44 Ill. App. 3d 1067, 358 N.E.2d 1293.

■■ In *Chandler* this court, in discussing the doctrine of waiver, cited *People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25, quoting therefrom as follows:

> " * * * the doctrine of waiver ought not to bar issues from consideration under the Post-Conviction Hearing Act where the alleged waiver stems from incompetency of appointed counsel on appeal. * * * In view of the need to protect the right to appeal with the aid of competent counsel, and upon appraisal of the spirit and ultimate purpose of the Post-Conviction Hearing Act, we conclude that the Act provides a proper vehicle for review of those issues as to which review by direct appeal has been unconstitutionally denied by deprivation of the right to appeal, the right to competent counsel on appeal, or the concept of fundamental fairness.
>
> * * *
>
> We recognize no obligation of appointed counsel to brief every conceivable issue on appeal. It is not incompetence for counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong."

## II.

It apparently is petitioner's position that the doctrine of waiver ought not apply in the instant case because appellate counsel's failure to raise certain issues on appeal were clearly or patently wrong. We do not agree.

■■ Specifically, the first issue involves certain pretrial identification procedures. Petitioner contends his trial counsel failed to file a motion to suppress the in-court identification testimony of one Estelle Anderson which was tainted by unduly suggestive pretrial identification procedures, and that this issue was not raised, and thus not considered by the court on review of his conviction. After examining the record we are satisfied that any possible suggestiveness of impropriety in pretrial identification procedures could not have resulted in irreparable misidentification because the identification testimony of Estelle Anderson clearly had a sufficiently independent origin. (*People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819; *People v. Johnson* (1973), 55 Ill. 2d 62, 302

N.E.2d 20.) She had observed the petitioner on a prior occasion and clearly had an ample and good opportunity to observe the petitioner during the incident. Failure to raise the issue under these circumstances cannot be construed as being patently wrong.

### III.

The next issue is bottomed in the alleged failure of both trial and appellate counsel to "bring out" inconsistencies in the testimony of witnesses, and particularly the prior inconsistent statement of Estelle Anderson who may be characterized as the principal identifying witness. Petitioner charges that those inconsistencies amount to perjury and the knowing use (by the prosecution) of perjured testimony.

■■ A review of the record does, indeed, reveal certain inconsistencies between the testimony of various witnesses. It also reveals Estelle Anderson had made some prior statements at variance with her testimony on trial. Mere inconsistencies, however, cannot be equated with perjury or the knowing use thereof.

Further, it is the responsibility of the trier of fact to determine the credibility of witnesses and the weight to be given to their testimony (*People v. Bracey* (1970), 129 Ill. App. 2d 57, 262 N.E.2d 748; *People v. Hahn* (1976), 39 Ill. App. 3d 969, 350 N.E.2d 839), and a finding of the court in a bench trial will not be disturbed although there were many discrepancies. *People v. Catlett* (1971), 48 Ill. 2d 56, 268 N.E.2d 378.

### IV.

■■ It may also be noted that petitioner raises questions pertaining to sufficiency of the evidence. It is clear that the Post-Conviction Hearing Act may not be used as a vehicle for retrying the question of petitioner's guilt or innocence. (*People v. Jones* (1975), 30 Ill. App. 3d 934, 333 N.E.2d 570 (abstract opinion).) In any event, the sufficiency of evidence was argued on direct appeal and the doctrine of *res judicata* applies. *People v. Meeks* (1975), 31 Ill. App. 3d 396, 334 N.E.2d 253.

● 5 We have examined the record in accordance with *Anders* in addition to reviewing the brief filed by the State Appellate Defender and that filed by petitioner. We find that there are no legal points "arguable on their merits" and that an appeal is wholly frivolous.

For the foregoing reasons the motion of the State Appellate Defender is allowed and the judgment of the circuit court of Cook County dismissing the petition is affirmed.

Motion allowed; judgment affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.