THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JERRY DEVINE, Defendant-Appellant.

First District (2nd Division)    No. 76-302

Opinion filed November 22, 1977.—Rehearing denied December 22, 1977.

Frank Oliver, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Myra J. Brown and Richard J. Barr, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Wayne Flowers and Jerry Devine were indicted for murder (Ill. Rev. Stat. 1973, ch. 38, pars. 9—1, 9—1(a)(2)), tried before a jury and found guilty. Each defendant was then sentenced to 60 to 150 years imprisonment. In the recent opinion of *People v. Flowers* (1st Dist. 1977), 52 Ill. App. 3d 430, 367 N.E.2d 389 (petition for leave to appeal pending, No. 50041), this court affirmed the conviction and sentence of the co-defendant, Flowers. Defendant Devine appeals from his conviction, contending that the trial court erred by failing to strike alleged hearsay evidence and by conducting an *in camera* examination of two prospective defense witnesses in order to determine if they could offer relevant testimony.

As a thorough statement of facts is set forth in the *Flowers* opinion, we deem it unnecessary to again summarize the evidence. In light of the issues presented in this appeal, however, the following facts are pertinent. At the conclusion of the State's case, the court conducted an *in camera* examination of two Chicago police officers whom the defense wished to call as witnesses. The prosecution asked for the hearing because it believed that Officers Stanley Kroll and John Riordan could only testify to inadmissible hearsay. Kroll testified at the *in camera* hearing that his contact with the ongoing murder investigation consisted of an arrest of one Melvin Davie. Officer Kroll had arrested Davie based upon information received from Officer Corcoran who had received the information from a reliable informant, who had in turn received the information from "people talking on the street." Officer Riordan's contact with the murder investigation consisted of the arrest of one Dwight Anders. He and Officer Prendergast had acted upon information from unnamed individuals who repeatedly said someone named "Monster" might have something to do with the murder. When the officers went to question Anders at his home, Anders jumped out of a window and was arrested. He was thereafter printed and released from custody after homicide investigators talked to him. Over defense objections, the trial court excused both officers from testifying.

When the trial resumed before the jury, defendant called Officer Thomas Prendergast as a witness. The officer testified to his investigation and eventual arrest of Dwight Anders. Upon cross-examination the prosecution asked the officer how he obtained the name of "Monster" and if any other names were mentioned at that time. Prendergast replied:

"We responded to a man shot on Washburne, and during the course of the investigation that we were assisting in, or involved in, the name of 'Monster' and the name of Devine or Jerry, or 'Red', three names—were used that were involved in the shooting of one Mr. Brown."

The court then denied defense motions to strike and for a mistrial, telling defense counsel that, "He is your witness, you brought him here. You created the situation without being certain as to what this witness would testify to, completely."

## I.

■■ Defendant contends that the trial court committed reversible error by failing to strike the accusatory statement made out of his presence, which was employed as evidence against him. Defendant maintains that he was plainly deprived of his right of confrontation because the jury was informed that unnamed persons identified him as the perpetrator of the crime. In support of this contention defendant notes that an accusatory statement made outside the presence and without the knowledge of a defendant cannot be used against him. (*People v. Trotter* (1st Dist. 1967), 84 Ill. App. 2d 388, 392, 228 N.E.2d 467; *People v. Yocca* (1st Dist. 1967), 84 Ill. App. 2d 423, 426, 228 N.E.2d 599.) Defendant chooses to ignore, however, the context in which the statement was brought to the jury's attention.

■■ Upon direct examination of Prendergast, defense counsel elicited that the officer had received the name of, and had arrested a man other than defendant in connection with the shooting. The defendant was attempting to establish doubt as to defendant's guilt. Having established that another person had been arrested for the crime, defendant claims that the State had no right on cross-examination to ask the officer how he obtained the name in question and if he had obtained other names. We disagree. Defendant opened the door to this line of inquiry, which he had a right to do. Having opened the door, it follows that the State had a right, in a proper manner, to meet such evidence.

■■ The thrust of defendant's complaint is that the court erred by allowing the State to use inadmissible hearsay against defendant. We do not agree, however, because Prendergast's testimony was not hearsay. " 'Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.' " (*People v. Carpenter* (1963), 28 Ill. 2d 116, 121, 190 N.E.2d 738; *People v. Clark* (1st Dist. 1977), 47 Ill. App. 3d 624, 628, 365 N.E.2d 20.) The hearsay rule does not encompass extrajudicial statements which are not offered for the purpose

of proving the truth of the matters asserted in the statement. (*People v. Campbell* (5th Dist. 1975), 28 Ill. App. 3d 480, 487, 328 N.E.2d 608; *People v. Hines* (5th Dist. 1975), 28 Ill. App. 3d 976, 982, 329 N.E.2d 903.) In the instant case Prendergast testified to the statement made by the onlookers, but the State did not necessarily offer the testimony to show the truth of the matters asserted by the onlookers. The testimony was obviously offered to establish that the statement was actually made, not that defendant committed the homicide. (See *People v. O'Neal* (1st Dist. 1976), 44 Ill. App. 3d 133, 136-37, 358 N.E.2d 47.) Under these circumstances, the officer's testimony was not hearsay.

■■ Even if the trial court committed error by permitting the testimony, it was not prejudicial error. Defendant and the co-defendant Flowers were identified at trial by several eyewitnesses as the perpetrators of the crime. Thus, defendant was implicated in the murder by more than Prendergast's testimony concerning the bystanders' statement. In any event we think that defendant opened the door to such testimony, and that the trial court committed no reversible error by failing to strike it.

## II.

Defendant also contends that the trial court erred by conducing an *in camera* hearing and then determining that certain defense witnesses could offer only inadmissible testimony. We note, however, that defendant failed to include this allegation of error in his motion for a new trial. Such failure may result in waiver of the issue on appeal. (Ill. Rev. Stat. 1973, ch. 38, par. 116—1; *People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856; *People v. Irwin* (1965), 32 Ill. 2d 441, 443-44, 207 N.E.2d 76.) Even if we did not deem the issue waived, the issue is without merit.

The record reflects that the witnesses whom the defense proposed to call were two police officers who could have offered only inadmissible hearsay, doubly hearsay, and even triple hearsay. Although defendant now maintains that the trial court, the prosecution, and this court did not know and could not have known exactly what the defense hoped to elicit from the officers, defendant failed to make an offer of proof. Yet the purpose of an offer of proof is to indicate to the trial court, opposing counsel, and a reviewing court, the substance of the evidence expected to be offered. (*Moren v. Samuel M. Langston Co.* (1st Dist. 1968), 96 Ill. App. 2d 133, 146, 237 N.E.2d 759.) Notwithstanding defendant's claim that the right to trial by jury is endangered and destroyed if proposed witnesses must be preliminarily screened by the judge, the granting of State motions *in limine* have been approved. (See *People v. Schott* (2nd Dist. 1976), 39 Ill. App. 3d 266, 273, 350 N.E.2d 49; *People v. Pickett* (1st Dist. 1975), 34 Ill. App. 3d 590, 599, 340 N.E.2d 259.) As we explained in

the *Pickett* case, it is important in all criminal cases that evidence be fairly limited to the issue on trial; collateral or extraneous matters can only mislead or prejudice a jury. (34 Ill. App. 3d 590, 598-599.) In our opinion, the use of the motion *in limine* is to be encouraged so as to reduce trial errors resulting in mistrials, new trials, and reversals.

Defendant's appellate counsel states in his brief that he finds it unnecessary to justify whatever testimony trial counsel thought might be elicited from the proposed witnesses. Counsel maintains that the trial court has no right to determine in advance of testimony what a witness will testify to; and that the party offering such a witness is under no duty to make a preliminary showing of relevance or admissibility. The authority cited for these propositions of law is unpersuasive.

■■ In *United States v. Dellinger* (7th Cir. 1972), 472 F.2d 340, 408-09, the reviewing court stated that the proposed witness in that case did possess relevant information, and that he should have been permitted to testify as to the information. The *in camera* hearing conducted in the instant case revealed that the officers could testify to only inadmissible matters premised on several levels of hearsay. The defense has never suggested what admissible testimony could have or would have been offered. In *United States v. Bohle* (7th Cir. 1971), 445 F.2d 54, 75, the trial court erred by requiring preliminary voir dire which served to deprive the defendant of surprise before the jury. In the case at bar the defense failed to make an offer of proof and we are, thus, unable to ascertain defendant's objective in calling the two witnesses. Further, if defendant wished to call the officers in order to inform the jury of the police investigation which resulted in the arrest of other individuals, that facet of the defense case was put before the jury by other witnesses. The *Bohle* case is inapposite under the facts of this case. Finally, in *United States v. Marzano* (7th Cir. 1976), 537 F.2d 257, 265-66, the reviewing court upheld the lower court's decision to examine a proposed defense witness outside of the jury's presence. Clearly, therefore, the *Dellinger, Bohle*, and *Marzano* cases do not support defendant's contention that the trial court erred by conducting an *in camera* hearing. Under the circumstances of this case and in light of testimony adduced from other witnesses, the court committed no reversible error by conducting the *in camera* hearing and, thereafter, excluding testimony from the proposed defense witnesses.

### III.

Four days before the oral argument of this cause, defendant filed a *pro se* motion entitled "Motion for Extension Of Time And For Permission To File Supplement To Appeal." The motion catalogued defendant's problems in communicating with his past and present appellate counsel. In essence, defendant wished to supplement his brief and argument in

order to raise additional issues for our review. Those issues involve defendant's alleged denial of a fair trial, imposition of an excessive sentence, and the State's failure to prove defendant guilty beyond a reasonable doubt.

■■ Although we denied defendant's motion, we have reviewed the points raised and are satisfied that no prejudicial error was committed. We note, too, that the questions raised are similar to those raised by the co-defendant Flowers in his appeal. For the reasons set forth in that opinion, we are convinced that defendant was not denied a trial before a fair and impartial jury, nor was an arbitrary and excessive sentence imposed. Our independent review of the record further convinces us that defendant received a fair trial in all respects, that he was not prejudiced by the errors alleged to have been committed by the trial court, and that he was proved guilty of murder beyond a reasonable doubt.

Consistent with all of the aforementioned reasons, the circuit court of Cook County's judgment of conviction and the sentence imposed thereon are affirmed.

Affirmed.

STAMOS and PUSATERI, JJ., concur.