THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM AARON KILLION, Defendant-Appellant.

Fifth District   No. 79-106

Opinion filed September 20, 1979.

John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, William Aaron Killion, appeals from the order of the Circuit Court of Madison County denying his petition for post-conviction relief. Defendant had been convicted of attempt (murder) in a bench trial, which conviction had been affirmed on direct appeal to this court by Rule 23 order (*People v. Killion*, No. 76-125, 5th Dist., filed July 14, 1977).

On January 9, 1975, defendant was indicted for the offense of attempt (murder). The indictment alleged that:

"William Aaron Killion on the 16th day of December, 1974 at and in the county of Madison, in the State of Illinois, committed the offense of Attempt, in that he did with the intent to commit the offense of Murder, did stab STEPHEN A. KERSHNER, with a knife, without legal justification *with intent to kill or do great bodily harm* to said STEPHEN A. KERSHNER, in violation of Paragraph 8—4, Chapter 38, Illinois Revised Statutes * * *." (Emphasis added.)

After a trial in which defendant was represented by the Madison County public defender's office, defendant was convicted of that offense. Defendant appealed from the conviction and argued as one of his contentions of error that his conviction must be reduced to aggravated battery because the body of the indictment alleged elements of both attempt (murder) and aggravated battery and because it was impossible to determine from the record whether the court found that defendant's acts were committed with an intent to kill or an intent to do great bodily harm. In disposing of this argument, we stated:

"We do not address this argument which is raised for the first time in defendant's brief on appeal. Following the conviction defendant filed a 22 paragraph post-trial motion which contained no mention of the argument now presented. Accordingly, defendant has waived consideration of the issue on appeal."

Defendant thereafter filed a pro se petition for post-conviction relief alleging that the indictment was defective and misleading because it failed to apprise him of "the requisite intent for the crime with which petitioner was charged." Additionally, he attached an affidavit of his trial counsel to the petition in which counsel stated:

"2. The indictment in the above-captioned cause charged that Mr. Killion committed attempt murder 'with the intent to kill or do great bodily harm' to the alleged victim. I prepared for trial under the assumption that this was a correct statement of the intent requirement for attempt murder. Consequently, I did not argue to the Court Mr. Killion did not have the requisite intent to commit attempt murder.

3. Subsequent to the trial proceedings * * * I learned that the State's indictment was incorrect, in that the intent to do great bodily harm does not state the requisite intent. Had the indictment correctly set forth that element, I would have taken the necessary steps to acquire and present both evidence and argument to establish at trial an alternate theory that Mr. Killion did not have the intent to commit attempt murder. I believe that the indictment * * * mislead me to my trial preparation and my trial strategy. I now believe Mr. Killion had a valid defense to the charge of

attempt murder, and that I could have established his innocence of that charge had I been properly notified of the correct elements prior to trial."

The Madison County public defender's office was appointed to represent defendant on his post-conviction petition. At the hearings on the petition, counsel alleged that the indictment was invalid and that this issue should not be considered waived because the evidence presented at trial did not clearly establish defendant's intent to commit murder rather than intent to do great bodily harm. The court thereafter denied defendant's petition.

■■ On appeal, defendant contends that he was denied the effective assistance of counsel at the post-conviction proceedings where his appointed counsel, an attorney from the Madison County public defender's office, failed to allege that defendant was inadequately represented at trial by an attorney who was also from that same office. Defendant's contention is without merit. In essence, defendant seeks to argue that the trial counsel was incompetent for failing to challenge the sufficiency of the indictment. It has long been held that a defendant who neglects to raise a claim of inadequate representation on direct appeal may not then assert that claim in his petition for post-conviction relief. (*People v. Spicer* (1976), 42 Ill. App. 3d 246, 355 N.E.2d 711; *People v. Somerville* (1969), 42 Ill. 2d 1, 245 N.E.2d 461.) As defendant had independent counsel in his immediate and direct appeal who failed to raise the alleged incompetence of trial counsel, we are compelled to hold that he has waived this issue for purposes of the present proceedings.

■ In addition, we note that although defendant did not previously raise the issue of incompetent counsel, he nevertheless challenged the sufficiency of the indictment in the prior appeal. Defendant thus had the opportunity to litigate this matter notwithstanding counsel's alleged incompetence for neglecting to raise it at trial. Although we previously held that defendant had waived this issue when the post-trial motion contained no mention of a defect in the indictment, it is clear that such defect did not constitute a "grave error" or otherwise justify an exception to the waiver rule. (See *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331.) Accordingly, defendant cannot now assert that the present counsel was incompetent when he could readily discern that the issue of the alleged inadequacy of the trial counsel and the indictment had been either waived or was *res judicata* with respect to the present proceedings. See *People v. French* (1970), 46 Ill. 2d 104, 262 N.E.2d 901, *cert. denied* (1971), 400 U.S. 1024, 27 L. Ed. 2d 636, 91 S. Ct. 590; *People v. Mamolella* (1969), 42 Ill. 2d 69, 245 N.E.2d 485; *People v. Smalley* (1975), 33 Ill. App. 3d 677, 338 N.E.2d 193.

■■ Even if we agree that defendant could properly challenge these

issues in a post-conviction proceeding, we do not find any indication of trial counsel's incompetency. Although the State concedes that the present indictment is defective under the subsequent supreme court decision of *People v. Trinkle* (1977), 68 Ill. 2d 198, 369 N.E.2d 888, the law in effect at the time of the original trial was unclear as to the necessary language to charge attempt (murder) in an indictment. (Compare *People v. Roberts*; *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28; *People v. Muir* (1977), 67 Ill. 2d 86, 365 N.E.2d 332, *cert. denied* (1977), 434 U.S. 986, 54 L. Ed. 2d 481, 98 S. Ct. 615; *People v. Trinkle*.) As stated by Justice Ryan in *People v. Harris*:

> "Considerable amount of uncertainty seems to prevail in courts and among members of the bar as to what language is permissible or impermissible in charging attempted murder and in instructing the jury on this offense." (72 Ill. 2d 16, 29, 377 N.E.2d 28, 34 (concurring in part; dissenting in part).)[1]

The representation of defendant therefore cannot be categorized as incompetent where the law on this point was unsettled until a subsequent supreme court decision and where we find every indication that defense counsel conducted a vigorous defense.

In conclusion, the representation of defendant by the Madison County Public Defender cannot be considered inadequate for the failure to assert the alleged incompetency of trial counsel from the same office where that issue was waived and where, in any event, it had no substantive merit. In addition, no conflict of interest situation could possibly arise as counsel at the hearings on the post-conviction petition had no just cause for challenging the competence of another attorney from his office.

For the reasons stated, the order of the Circuit Court of Madison County denying defendant's petition for post-conviction relief is affirmed.

Affirmed.

JONES, P. J., and KASSERMAN, J., concur.

---

[1] In *People v. Harris*, the supreme court held it was error for the trial court to give an instruction containing the definition of murder set forth in section 9—1(a) of the Criminal Code (Ill. Rev. Stat. 1977, ch. 38, par. 9—1(a)) in a case charging attempt (murder). The court stated that such an instruction was improper because the offense of attempt (murder) requires a specific intent to commit murder whereas the Illinois definition of murder incorporates a state of mind other than an intent to kill. (See *People v. Roberts*.) In *People v. Antrim* (1978), 67 Ill. App. 3d 1, 385 N.E.2d 5, the first district applied the decision of *Harris* retroactively, stating:

> "[F]or 46 years, except for the shortlived period when *Muir* was in effect, the law in this state was consistent with the holding in *Harris*." (67 Ill. App. 3d 1, 5, 385 N.E.2d 5, 8.)

We do not agree that *Harris* accurately depicts the state of law as it has existed for the past five decades; rather we agree with Justice Ryan that there has been much confusion concerning this issue.