THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH W. CHURCHILL, Defendant-Appellant.

Third District    No. 79-981

Opinion filed January 30, 1981.

John Clark, of O'Bryant & Clark Law Offices, of Canton, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Following a jury trial the defendant, Kenneth W. Churchill, was found guilty of aggravated battery and battery. He was sentenced to 90 days incarceration and three years probation. His convictions were affirmed by this court on direct appeal and the cause was remanded for resentencing.

The defendant served his sentence and subsequently filed a pro se petition for post-conviction relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*). This appeal is taken from the dismissal of that petition without an evidentiary hearing.

The defendant's battery convictions arose from an incident in which the defendant struck the driver of a vehicle which had collided with his own and also struck the police officer who was called to the scene of the accident. Ronald Hanna, a Peoria, Illinois, attorney, was appointed to represent the defendant at trial. Immediately following the trial, the defendant, pro se, filed a motion for a new trial. Attorney Hanna, at the defendant's request, moved to withdraw from the case, and James Murphy was appointed to represent the defendant. The defendant's motion for a new trial was denied, and he was sentenced to 90 days in the penitentiary and three years' probation on February 23, 1978. Throughout the direct appeal of his conviction, the defendant was represented by the office of the State Appellate Defender.

After the defendant filed his post-conviction petition pro se, Attorney Craig Collins was appointed to represent him. On December 5, 1979, the petition was dismissed without a hearing. The defendant filed a motion to appeal the dismissal of his petition, and the office of the State Appellate Defender was appointed to perfect the appeal. Subsequently, that office

withdrew as counsel, and the law offices of O'Bryant and Clark were appointed.

In his post-conviction petition the defendant made several allegations of error, but this appeal is limited to the alleged incompetency of his trial counsel and, specifically, to two aspects of his trial counsel's representation: the allegation that counsel refused to locate and interview certain witnesses and that counsel had met with the defendant for the first time on the day of the trial itself. It is the defendant's contention that the alleged incompetence of his trial counsel severely weakened his case and substantially prejudiced him at trial.

In regard to the missing witnesses, the defendant asserts that "there is no way of predicting what might have happened at the trial if these witnesses had been called and interviewed by the attorney for defendant." We note the vagueness of this assertion and the fact that the alleged witnesses were not named in the defendant's post-conviction petition; nor were affidavits from the missing witnesses attached to the defendant's petition. The defendant also failed to make any specific allegations of prejudice arising from the fact that he had met his trial counsel on the day of the trial.

■■ The Post-Conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*) provides a method by which persons imprisoned in the penitentiary may assert a denial of their constitutional rights during the trial court proceedings. One need not be incarcerated at the time relief is sought to utilize the provisions of the Act. *People v. Davis* (1973), 54 Ill. 2d 494, 298 N.E.2d 161.

■■ Relief is not available under the post-conviction hearing procedure, however, for those issues which were or should have been raised on direct appeal, and an affirmance on direct appeal is *res judicata* as to all such issues. (*People v. Kamsler* (1968), 39 Ill. 2d 73, 223 N.E.2d 415; *People v. Edwards* (1980), 83 Ill. App. 3d 128, 403 N.E.2d 771; *People v. Johnson* (1978), 63 Ill. App. 3d 745, 380 N.E.2d 531.) From a review of the record and the issue raised by the defendant, we conclude that the question of trial counsel's incompetence could and should have been raised on direct appeal and is, therefore, waived.

■■ While incompetency of counsel may properly be addressed in a post-conviction petition (*People v. Pannell* (1977), 44 Ill. App. 3d 885, 358 N.E.2d 1331), the defendant must demonstrate actual incompetence of counsel which results in substantial prejudice to the defendant and without which the outcome would probably have been different. *People v. Johnson* (1978), 63 Ill. App. 3d 745, 380 N.E.2d 531; *People v. Stokes* (1974), 21 Ill. App. 3d 754, 316 N.E.2d 127.

In the present case the defendant failed to raise the issue of his trial

counsel's incompetence in his direct appeal and has failed to offer any explanation for this oversight. Certainly the defendant was aware of the alleged incompetency since his pro se motion for a new trial attacked the alleged incompetency of his trial counsel on several grounds. At the defendant's request his original trial counsel moved to withdraw from the case. The motion was granted, and different counsel was appointed to represent the defendant during post-trial proceedings. As indicated elsewhere in this opinion, the defendant has had more than the average number of appointed counsel, including representation by different counsel on appeal. This fact, when viewed in light of the vague and unsubstantiated assertions of incompetence made in the defendant's post-conviction petition, indicates that the defendant has failed to establish any actual incompetence which resulted in a violation of his constitutional rights. *People v. Edwards* (1980), 83 Ill. App. 3d 128, 403 N.E.2d 771.

The case at bar is distinguishable from the case of *People v. Owsley* (1978), 66 Ill. App. 3d 234, 383 N.E.2d 271, in which this court remanded the cause for a hearing on the defendant's post-conviction petition alleging incompetence of counsel. In *Owsley* the defendant attached affidavits which substantiated her specific allegations that her trial counsel misled her in persuading her to plead guilty. In addition the same attorney represented the defendant in *Owsley* at trial and during post-trial proceedings. In the case at bar, different attorneys were involved at the various stages of litigation, and the defendant's assertions of incompetence in his post-conviction petition are vague and unsubstantiated.

Accordingly, the order of the Circuit Court of Fulton County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.