**UNITED STATES of America ex rel. Jerry DEVINE, Petitioner-Appellant,**

**v.**

**Richard DeROBERTIS and the Attorney General of the State of Illinois, Respondents-Appellees.**

**No. 83–1796.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 1984.

Decided Feb. 12, 1985.

Rehearing Denied April 8, 1985.

Cudahy, Circuit Judge, dissented and filed opinion, and would have granted rehearing.

Robert L. Schroeder, Emory A. Tate & Associates, Chicago, Ill., for petitioner-appellant.

Kenneth A. Fedinets, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before CUDAHY, POSNER and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

The petitioner appeals the district court's denial of his petition for habeas corpus. We affirm.

## I.

The petitioner, Jerry Devine, was convicted of the crime of murder by a jury in the Circuit Court of Cook County Illinois and was sentenced to a term of imprisonment of not less than 60 years nor more than 150 years. The petitioner appealed to the Illinois Appellate Court arguing that the trial court erred by: (1) failing to strike alleged hearsay evidence; and (2) conducting an *in camera* examination of two prospective defense witnesses. The Illinois Appellate Court affirmed the conviction. *People v. Devine*, 55 Ill.App.3d 576, 13 Ill.Dec. 327, 371 N.E.2d 22 (1977).

Following the decision of the appellate court, the petitioner, represented by new counsel, filed a post-conviction petition in the Cook County Illinois Circuit Court pursuant to Ill.Rev.Stat. ch. 38, § 122-1 (West 1973). Devine argued that his trial counsel failed to competently represent him, pointing to six alleged errors: (1) improvidently using an alibi defense; (2) failing to object to the pathologist's testimony that one wound in the decedent was made by a bullet fired six inches from his head; (3) foolishly attempting to prove a drug-related cause of death; (4) failing to plea bargain; (5) making frivolous motions; and (6) failing to investigate the criminal background of the alibi witnesses or to coordinate their testimony. The Circuit Court dismissed the petition and Devine appealed to the Illinois Appellate Court. In an unpublished order, the appellate court affirmed the judgment of the circuit court holding that "[t]he issue of the competency of defendant's trial counsel could have been raised on direct appeal and failure to do so resulted in waiver of that point." The appellate court further held that fundamental fairness did not mandate that the waiver rule be relaxed.

The petitioner filed his writ for habeas corpus in the district court alleging three grounds for relief: (1) he was denied effective assistance of counsel both at trial and on the direct appeal of his conviction to the Illinois Appellate Court; (2) he was improperly denied an evidentiary hearing on his post-conviction petition; and (3) the Illinois Appellate Court, in its review of the circuit court's dismissal of his post-conviction petition, improperly applied the doctrine of waiver and erroneously failed to reach the merits of his allegation of ineffective assistance of counsel at trial. The district court granted a motion to dismiss the petition holding that because the petitioner had failed to show good cause for failing to raise the issue of competence of trial counsel in his direct appeal or of his appellate counsel in his post-conviction petition, he waived both of the incompetence issues for purposes of federal habeas corpus. The district court further found that the petitioner's arguments that he was improperly

denied an evidentiary hearing on his post-conviction petition and that the Illinois Appellate Court improperly applied the waiver doctrine raised only state law issues under the Illinois Post-Conviction Hearing Act; the two alleged errors were not reviewable on a petition for habeas corpus. In his appeal to this court, the petitioner disagrees and argues that neither of his ineffective assistance of counsel arguments was waived.

## II.

In *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court held that a state prisoner, barred by a procedural default from raising a constitutional claim on direct appeal, could not litigate the barred claim in a § 2254 habeas corpus proceeding without showing cause for and actual prejudice from the default. In *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir. 1983) (en banc), our court applied the *Sykes* "cause and prejudice" standard to a state prisoner's failure to raise a claim on direct appeal. Our decision to apply the cause and prejudice standard to appellate waiver was based on principles of comity and federalism: "The fundamental requirement that a petitioner first present his claims to the state court is rooted in the belief that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" *Id.* at 356 (*citing Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)). Specifically, our court overruled *Guzzardo v. Bengston*, 643 F.2d 1300 (7th Cir.1981), in which we had "declined to extend the cause-and-prejudice test to a state prisoner who had failed to present his claim of ineffective assistance of counsel to the state

courts on direct appeal, and who had thereby waived state remedies." *Wolff*, at 360. In *Williams v. Duckworth*, 724 F.2d 1439, 1442 (7th Cir.1984), we held that a state prisoner who fails to pursue on post-conviction an issue that could not have been properly presented on direct appeal has similarly waived the right to present the issue on habeas absent "cause" for the failure and "prejudice" resulting thereby.

The petitioner's initial default was the failure to raise the ineffective assistance of trial counsel in his direct appeal to the Illinois Appellate Court. The rule in Illinois is that a defendant who neglects to raise a claim of inadequate representation on direct appeal may not later assert that claim in a petition for post-conviction relief.[1] An exception to the waiver rule has been made in a few cases in which the basis for the claim does not appear in the record. *See, e.g., People v. Edmonds*, 79 Ill.App.3d 33, 34 Ill.Dec. 555, 398 N.E.2d 230 (1979) (failure to call certain witnesses or to introduce certain evidence); *People v. Owsley*, 66 Ill.App.3d 234, 22 Ill.Dec. 795, 383 N.E.2d 271 (1978) (attorney convinced unsophisticated defendant not to disclose to trial court any misrepresentations made by him). If in fact the information pertinent to the ineffective assistance of counsel claim was available to the defendant at the time of trial, the ineffective assistance of counsel claim is deemed waived if not presented on direct appeal. *See Goins v. People*, 103 Ill.App.3d 596, 59 Ill.Dec. 312, 314–15, 431 N.E.2d 1069, 1071–72 (1981). In his post-conviction petition, Devine alleged that his trial counsel erred by presenting an alibi defense, by failing to object to the pathologist's testimony, by attempting to prove that the victim did not die as a result of a gunshot wound to the head, by failing to plea bargain, by making

---

1. *See, e.g., People v. Mamolella*, 42 Ill.2d 69, 245 N.E.2d 485 (1969); *People v. Somerville*, 42 Ill.2d 1, 245 N.E.2d 461 (1969); *People v. Collins*, 39 Ill.2d 286, 235 N.E.2d 570 (1969); *People v. Ashley*, 34 Ill.2d 402, 216 N.E.2d 126 (1966); *People v. Churchill*, 92 Ill.App.3d 1006, 48 Ill. Dec. 364, 416 N.E.2d 395 (1981); *People v. Killion*, 76 Ill.App.3d 862, 32 Ill.Dec. 448, 395 N.E.2d 678 (1979); *People v. Carroll*, 45 Ill. App.3d 1063, 4 Ill.Dec. 555, 360 N.E.2d 491 (1977); *People v. Spicer*, 42 Ill.App.3d 246, 355 N.E.2d 711 (1976); *People v. Carlton*, 31 Ill. App.3d 313, 333 N.E.2d 596 (1975); *People v. Buckholz*, 24 Ill.App.3d 324, 320 N.E.2d 421 (1974).

frivolous motions, and by failing to investigate the criminal background of the alibi witnesses or to coordinate the presentation of their testimony. All of the facts supporting these allegations of error appear in the record and were thus available to the defendant at trial. Therefore, it is evident the Illinois Appellate Court's ruling that the petitioner waived his ineffective assistance of trial counsel claim by failing to assert it on direct appeal was nothing more than a routine and proper application of its waiver rule.

 The petitioner argues that he could not raise the issue of ineffectiveness of trial counsel on direct appeal because his direct appeal was handled by an associate of his trial counsel. However, the Illinois Appellate Court, as part of its determination that the issue had been waived, specifically found that, "both defendants' direct appeals were prosecuted by attorneys other than trial counsel." In a habeas corpus proceeding challenging the judgment of a state court, "a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct...." 28 U.S.C. § 2254(d). The presumption may be rebutted if the petitioner is able to establish one of the eight circumstances listed in the statute.[2] "Section 2254(d) ... applies to factual determinations made by state

courts, whether the court be a trial court or an appellate court." *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). An appellate court's review of the record is a "hearing" within the meaning of § 2254(d). *Id.* at 546, 101 S.Ct. at 768. In their motion to dismiss the petition for habeas corpus, the respondents referred the district court to the sections of the record pertinent to the issue of whether Devine had been represented by independent counsel on direct appeal. Devine's post-conviction petition challenged only the competency of his trial counsel; although he was represented by his present counsel during the post-conviction proceedings, he failed to allege that his appellate counsel was ineffective. In its answer to the post-conviction petition, the state, acknowledging that Devine's appellate counsel was from the same office as his trial counsel, argued that Devine had failed to present evidence or argument to show why his appellate counsel did not raise the ineffective assistance of trial counsel issue on direct appeal or to establish how and why the waiver rule should be relaxed. Although the petitioner filed two briefs in response to the State's brief, he failed to answer the State's waiver argument or to otherwise inform the Illinois Appellate Court of any reason why the fact that his trial and appellate counsel were from the same office should prevent a finding of waiver. Based on this record, the Illinois Appellate Court found that, "both defendants' direct appeals were prosecuted by attorneys other than the trial counsel."

---

2. "(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:"

This finding by the Illinois Appellate Court is entitled to a presumption of correctness. *Sumner,* 449 U.S. at 547, 101 S.Ct. at 769. The petitioner has failed to produce any evidence or argument to rebut this finding; the petitioner stands mute and fails to offer one scintilla of evidence or argument to show why his appellate counsel did not raise the ineffective assistance of trial counsel issue on direct appeal as he did before the Illinois Appellate Court. We therefore hold that because petitioner was represented by counsel other than his original counsel on his direct appeal, he has failed to establish cause for his failure to press his ineffective assistance of trial counsel claim on his direct appeal. Since Devine has failed to establish "cause," we need not consider whether Devine was prejudiced by the omission. *Engle v. Isaac,* 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 1575 n. 43, 71 L.Ed.2d 783 (1982). We hold that the ineffective assistance of trial counsel claim was waived and is unavailable for habeas corpus review.

■ We turn now to the issue of whether the claim of ineffective assistance of appellate counsel was waived. The procedural facts of this case are on all fours with those presented in *Williams v. Duckworth,* 724 F.2d 1439 (7th Cir.1984). Like Devine, Williams failed to allege ineffective assistance of trial counsel in his direct appeal. After his appeal was denied, Williams filed a petition for post-conviction relief in which he alleged ineffective assistance of trial counsel but failed to allege ineffective assistance of appellate counsel. The Indiana court held that the claim of ineffective assistance of trial counsel had been waived because it had not been raised on direct appeal. Williams then filed a writ for habeas corpus alleging that both his trial and appellate counsel had been ineffective. Our court held that the claim to ineffective appellate counsel had been waived, ruling that under Indiana law, issues that could have been raised in an

initial post-conviction petition are treated as waived for purposes of succeeding post-conviction proceedings. Indiana Post-Conviction Remedy Rule 1, § 8. Extending the cause and prejudice test to waiver of claims during post-conviction proceedings, *id.* at 1442, our court held that Williams had failed to establish cause for his failure to raise his ineffective assistance of appellate counsel claim in his post-conviction petition. Like Williams, Devine failed to argue in his post-conviction petition that his appellate counsel was ineffective in failing to press a claim of ineffective assistance of trial counsel. The Illinois rule is that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Petitioner fails to offer a "cause" for the omission of his ineffective assistance of appellate counsel claim from his post-conviction petition. We, therefore, hold that Devine's claim of ineffective assistance of appellate counsel was waived and may not be reviewed in a writ for habeas corpus.

The decision of the district court is AFFIRMED.

CUDAHY, Circuit Judge, dissenting.

I respectfully dissent. Devine's ineffective assistance claim may or may not have merit, but I have no reason to believe it has been waived.

The record shows that on his initial appeal, Devine was represented by counsel from the same firm that represented him at trial.[1] Whatever may have been the procedural determinations of the state courts, that identity—of record—of trial and appellate counsel is sufficient "cause" to overlook the alleged state default. No doctrine of comity requires the federal courts to defer to state court determinations which are in conflict with the facts of record. No lawyer on appeal is expected in either state or federal jurisprudence to argue his own

---

1. Devine alleged in his habeas petition that he had the same attorney at trial and on appeal. The name of the trial attorney is in the habeas petition, the name of appellate counsel is in the state court opinion, 55 Ill.App.3d 576, 13 Ill.Dec. 327, 327, 371 N.E.2d 22, 22 (1977), and Sullivan's Law Directory for 1975–1976 shows that they were in the same firm.

or his firm's incompetence at trial as a ground of appeal.[2]

Hence I do not believe Devine's ineffectiveness of trial counsel claim has been waived. It should have been considered by the district court on the merits.

**2.** I agree that the ineffective assistance of appellate counsel argument has been waived.