70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert BUTLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3191.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 17, 1995.*
Decided Nov. 22, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judge.
 
 ORDER
 
 1
 Robert Butler appeals the district court's decision to deny his motion, filed pursuant to 28 U.S.C. Sec. 2255, for relief from his criminal conviction. He argues that he was denied effective assistance of counsel by his attorney's failure to locate, interview, and call certain witnesses, and that he is innocent. For the reasons stated below, we affirm.
 
 
 2
 * Around 1:00 am on February 13, 1989, a police officer found Robert Butler ("Butler") lying in the snow near a Peoria housing project, with a bullet wound in his back. Butler told the officer that he and his brother Clifford Butler had been ambushed and robbed by two men. Later that day, officers found Clifford dead in an apartment in the housing project.
 
 
 3
 Butler later conceded in a signed statement that he and Clifford had actually gone to a "dope house" in the housing project to "take care of some business" in retaliation for "bad" drugs someone had sold Clifford. He admitted possessing Clifford's sawed-off shotgun while he and Clifford were together. Butler claimed that he had taken the shotgun away from Clifford to prevent him from getting into trouble with it. He stated he carried the shotgun as he accompanied Clifford into the apartment. Pandemonium and gunfire immediately erupted. Butler claimed he could remember little of what happened after that, including how he was wounded.
 
 
 4
 Butler pled guilty in Illinois state court to a charge of possession of a firearm by a convicted felon and was sentenced to 30 months probation with four months in a work-release program. On September 5, 1990, a federal grand jury indicted him on similar charges. A jury convicted Butler of possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d) and of possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g). The district court sentenced him to 70 months imprisonment on each count, to be served concurrently.
 
 
 5
 Butler filed a direct appeal to this court, and we affirmed by unpublished order. Butler then petitioned the district court pursuant to 28 U.S.C. Sec. 2255, arguing among other things that he was denied effective assistance of counsel because his attorney did not interview or call certain witnesses.[1] The district court held an evidentiary hearing regarding the ineffective assistance claim on May 27, 1994, and continued it on September 2, 1994.[2] At the completion of the hearing, the court orally rejected the claim of ineffective assistance, and Butler appeals.
 
 II
 
 6
 The district court's findings concerning the effectiveness of Butler's counsel involve mixed questions of law and fact, and are subject to de novo review in this court. United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1133 (7th Cir.1990) (citing Strickland v. Washington, 466 U.S. 668, 698 (1984)). We construe pro se pleadings liberally. Kincaid v. Vail, 969 F.2d 594, 598 (7th Cir.1992), cert. denied, 113 S.Ct. 1002 (1993).
 
 
 7
 To demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, Butler must show "that counsel's representation fell below an objective standard of reasonableness" and additionally, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). A "reasonable probability" is a probability sufficient to undermine confidence in the conviction. Id. at 694. We analyze the ineffectiveness claim by examining "the totality of the circumstances, ever mindful of the fact that there exists a strong presumption that counsel rendered reasonably effective assistance." United States v. Muehlbauer, 892 F.2d 664, 668 (7th Cir.1990). In any event, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." Strickland, 466 U.S. at 696.
 
 
 8
 Counsel's failure to investigate or call witnesses known to have made exculpatory statements to the police can, in certain circumstances, constitute ineffective assistance of counsel. Sullivan v. Fairman, 819 F.2d 1382, 1390 (7th Cir.1987). The petitioner, however, still bears a heavy burden in proving ineffective assistance. Id. We avoid "Monday morning quarterback[ing]" and bear in mind that counsel's "objectively reasonable strategic decisions ... are virtually unchallengeable." Harris v. Reed, 894 F.2d 871, 877 (7th Cir.1990). "Usually, counsel's decision not to call a witness is a tactical decision not subject to review." Barnhill v. Flannigan, 42 F.3d 1074, 1078 (7th Cir.1994).
 
 
 9
 Butler names four witnesses who made statements to the police and whom he believes would have been useful to his defense: Annette Williams, Eddie Walton, Robert Alston, and Ernest Wren. All were present in the apartment the night of the shootings and made statements to the police. Butler's argument is that their accounts of the incident, while not directly favorable to his defense, would have somehow contradicted the government's theory of the case, thus possibly injecting an element of reasonable doubt into the minds of the jurors.
 
 
 10
 The district court held a thorough evidentiary hearing to explore the merits of Butler's claim. Guinan v. United States, 6 F.3d 468, 471 (7th Cir.1993) ("Often, indeed usually, the effectiveness of a trial lawyer's performance cannot be evaluated without an evidentiary hearing at which the lawyer is asked to explain why he did not follow seemingly promising lines of defense.") Butler's trial counsel, James Brady, and all but one of the four eyewitnesses named by Butler testified.[3]
 
 
 11
 Brady testified that he had not interviewed the witnesses other than Alston, but that he had read all of the police reports, including the witness statements and items of discovery. He questioned Robert Alston, who told Brady at the time of trial that he remembered Butler as having carried a gun into the apartment.[4] Brady concluded that there were significant tactical reasons for not calling witnesses, particularly because they might tend to further incriminate Butler, and that he had discussed these issues with Butler. At the conclusion of the evidentiary hearing, the district court found that Brady's investigation and tactical decisions were reasonable, and that the alleged errors could not have prejudiced the defense.
 
 
 12
 We have carefully reviewed the record and conclude that Butler's ineffective assistance claim is meritless. The witnesses that Butler claims Brady overlooked did not exculpate Butler. They either did not see anything or could not remember clearly what they saw. Furthermore, their recollections were not a significant part of the government's case against Butler.
 
 
 13
 Butler's guilty plea in state court and his statement to police were ample evidence that he had possessed a firearm. The equivocal and conflicting statements of the witnesses could have done little to undermine the weight of this evidence, and might well have been damaging to the defense. Brady's decision not to call them to testify falls comfortably within the bounds of professionalism. Indeed, as Judge Mihm observed, his professionalism might be in much greater doubt had he proceeded as Butler argues he should have. Finally, regardless of whether Brady's performance was adequate, the testimony would have unlikely altered the outcome of the trial.
 
 
 14
 As for Butler's claim that he is innocent, we note that he has already unsuccessfully challenged the sufficiency of the evidence on direct appeal. He argued then, as now, that the shotgun introduced into evidence was not the shotgun he possessed. This court rejected the claim, and the law of the case doctrine bars reconsideration of our previous ruling absent some good reason for it, such as new evidence or a change in the law. See United States v. South, 28 F.3d 619, 629 (7th Cir.1994); Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1123 (7th Cir.1991), cert. denied, 504 U.S. 922 (1992); United States v. Mazak, 789 F.2d 580, 581 (7th Cir.1986). Because no sufficient reason is presented in either Butler's arguments or the results of the evidentiary hearing, we will not revisit the determination here.
 
 
 15
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Butler raised a claim of ineffective assistance of counsel on several grounds in his direct appeal. Because the basis for counsel's alleged failure to call witnesses did not appear in the record, we did not reach the question, and thus it is not barred in this petition for collateral relief. See United States v. Taglia, 922 F.2d 413, 417-19 (7th Cir.), cert. denied, 500 U.S. 927 (1991); United States ex rel. Devine v. DeRobertis, 754 F.2d 764, 766 (7th Cir.1985)
 
 
 [2]
 The district court rejected all of the other grounds for relief, and Butler has elected not to pursue them on appeal
 
 
 [3]
 Ernest Wren did not appear, but in his statement to the police he had said that he was so frightened that he did not look at and could not identify either of the intruders. Butler has not indicated what relevant information Wren could contribute
 
 
 [4]
 At the evidentiary hearing, Alston stated that Butler did not have a gun, and then admitted that he had made conflicting statements and was unsure. He stated that his memory of the incident was not good, in part because he had begun drinking heavily after the incident