THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. RONALD TONALDI, Petitioner-Appellant.

First District (2nd Division)   No. 83—2789

Opinion filed November 27, 1984.

Julius Lucius Echeles, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Cuomo, and Joan O'Brien, Assistant State's Attorneys, of counsel), for the People.

JUSTICE DOWNING delivered the opinion of the court:

In this case, defendant Ronald Tonaldi appeals the dismissal by the trial court of his post-conviction petition (Ill. Rev. Stat. 1979, ch. 38, par. 122—1) which requested that his conviction for unlawful possession of cocaine in excess of 30 grams (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(a)(2)) be vacated because his trial counsel's representation did not meet minimum standards of professional competency.

Defendant was convicted in December of 1979 by the circuit court of Cook County of possession of cocaine in excess of 30 grams and another charge.[1] Codefendants Carol Masorlian and Daniel Brissa, also charged with the same offenses, were passengers in defendant's car when it was stopped by police and controlled substances were found in a vinyl bag on the front seat. All three defendants were represented at trial by Frederick Solomon, who was related to defendant by marriage. At a preliminary hearing on a motion to suppress, which Solomon attended, Masorlian testified that when defendant picked her up on the day in question he was alone in the car and that was the first time she observed the vinyl bag.

Prior to the commencement of the bench trial, the assistant State's Attorney informed the court that there was a potential conflict of interest problem and requested that the record reflect that

---

[1] This court vacated defendant's conviction of unlawful possession of pentobarbital (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)). *People v. Tonaldi* (1981), 98 Ill. App. 3d 528, 424 N.E.2d 1200, *appeal denied* (1981), 85 Ill. 2d 581.

defendants acknowledged this possibility and nevertheless waived their rights to separate counsel. In response to the trial court's inquiry, the prosecutor answered that, based upon the evidence presented at the preliminary hearing, there existed a possible conflict between the passengers' testimony and defendant's testimony regarding knowledge of the contraband and its possession. Solomon stated that he was not aware of any conflict. The trial court advised defendant that "it would be very difficult for your attorney if he represents two defendants where the defense might be inconsistent" and "if some defendant or all defendants should testify and say something that was harmful to the other defendant that would be a conflict in the testimony probably, and it would be difficult for one lawyer to fairly represent all defendants when that occurs." After being apprised of this, defendant stated that he had no objection to joint representation.

Masorlian, the only one of the three accused who was a witness at trial, testified in accordance with her preliminary hearing statements. In finding defendant guilty, while the other two not guilty, of possession, the trial court remarked that "there is no question that Mr. Tonaldi, so far as the evidence shows, was alone in the car when Miss Masorlian entered the car." Defendant was sentenced to a four-year prison term. He appealed his conviction and retained his present counsel.

On appeal, this court reviewed the record and concluded that "under the circumstances surrounding this case defendant made an intelligent and knowing waiver of his right to separate counsel. *** Accordingly, although an actual conflict did manifest itself at trial, defendant's right to effective counsel was not violated." (*People v. Tonaldi* (1981), 98 Ill. App. 3d 528, 531, 424 N.E.2d 1200, *appeal denied* (1981), 85 Ill. 2d 581.) Defendant's conviction for possession of more than 30 grams of cocaine was therefore affirmed.

Defendant thereafter filed a petition for writ of *habeas corpus* (28 U.S.C. sec. 2254 (1976)) in the United States district court in January of 1982. That court granted him an evidentiary hearing on his petition which alleged that he was denied the effective assistance of counsel when his lawyer jointly represented several codefendants at trial. At the hearing, defendant testified that he acquiesced in the joint representation in reliance upon his attorney's advice and that he "couldn't imagine" any harmful testimony that would come from his codefendants and how this testimony would impair his lawyer's effectiveness. (*United States ex rel. Tonaldi v. Elrod* (N.D. Ill. 1982), 541 F. Supp. 608, 610, *rev'd* (7th Cir. 1983), 716 F.2d 431.) In addition to his testimony, defendant presented attorney Solomon's affidavit in which he

stated that prior to trial, he did not realize that Masorlian would place incriminating evidence against defendant. Further, defendant relied upon his assurances that there was no difficulty with joint representation.

In granting defendant's motion for summary judgment, the United States district court found that defendant's "inability to appreciate the consequences of his attorney's joint representation, if true, vitiates the constitutional effectiveness of his purported waiver of the right to separate counsel." (*United States ex rel. Tonaldi v. Elrod* (N.D. Ill. 1982), 541 F. Supp. 608, 611.) The court was not impressed with the State's argument that defendant had notice of the existence of the conflict and noted that "[e]ven Tonaldi's counsel, who participated in the preliminary hearing, failed to perceive the existence of a conflict of interest between co-defendants as the result of Masorlian's testimony." (541 F. Supp. 608, 611.) Moreover, the court held, "[t]he abstract and hypothetical admonishment delivered to Tonaldi in this case was simply insufficient to inform him of the fundamental nature of the right he was purporting to waive." (541 F. Supp. 608, 612.) For these reasons, the district court concluded that defendant was denied his right to effective assistance of counsel. 541 F. Supp. 608, 613.

On the State's appeal to the United States Court of Appeals, Seventh Circuit, the district court's decision was reversed. In response to the State's contention that defendant's petition should have been dismissed as unexhausted because a State post-conviction remedy was available (28 U.S.C. sec. 2254(b) (1976)), the Seventh Circuit provided a comprehensive discussion of the exhaustion doctrine. (*United States ex rel. Tonaldi v. Elrod* (7th Cir. 1983), 716 F.2d 431, 434-37.) The court distinguished two theories of ineffective assistance of counsel. The first was that a conflict of interest adversely affected his attorney's performance; the other was that his trial counsel's decision to represent the codefendants was inconsistent with the minimum standards of competent representation. The court commented that defendant's attempt to bring the first claim mentioned above into a State court on a post-conviction petition would be futile in light of this court's reasoning and ruling; however, if defendant decided to advance the second mentioned cause in a post-conviction petition, that was an issue not previously raised in the Illinois courts and "a claim involving facts outside of the trial court record" which would therefore be unexhausted. (716 F.2d 431, 436-37.) The Seventh Circuit concluded, in its ruling on the merits of defendant's claim before it, that "in this case, where there is no hint that the petitioner is incompe-

tent, where a preliminary hearing helped to focus the conflict of interest, and where the petitioner expressed no reservations, a knowing and intelligent waiver was effected." (716 F.2d 431, 439.) Defendant's petition for rehearing was denied.

In the circuit court of Cook County, defendant then filed a post-conviction petition which asserted that his constitutional right to counsel was violated because his trial counsel's decision to proceed with the joint representation of himself and his codefendants was inconsistent with the minimum standards of competent representation as required by the sixth and fourteenth amendments of the United States Constitution and article I, section 8, of the Illinois Constitution. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, sec. 8.) The State filed a motion to dismiss, claiming that consideration of this issue was barred by the principle of *res judicata*. At the hearing before the trial court, defendant presented his trial counsel, Solomon, who was asked how it was that he did not realize that Masorlian's testimony would incriminate defendant. Solomon answered that it was possible that the parties may have been talking about two different bags and he didn't anticipate what Masorlian's answer would be. Upon questioning by the State, Solomon admitted that in this particular instance, he "might have made a mistake."

In addition to hearing Solomon's testimony, the trial court reviewed the following exhibits: Solomon's affidavit submitted to the United States district court, the transcript of the hearing in the district court, the transcript of the preliminary hearing, and the record of defendant's State court bench trial. The trial court concluded that it did not have jurisdiction in the matter.

## I

It has been well established that when a defendant has taken a direct appeal from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues which were actually decided by the court; all issues which could have been presented to the court, and were not, are waived. (*People v. Adams* (1972), 52 Ill. 2d 224, 225, 287 N.E.2d 695.) Further, the general rule as to the issue of trial counsel's competence is that a defendant is held to have waived the issue if he is represented by different counsel on appeal and did not raise it. *People v. Bland* (1978), 67 Ill. App. 3d 716, 723, 384 N.E.2d 1380, *appeal denied* (1979), 75 Ill. 2d 591.

One exception to the rule that issues which could have been raised on direct appeal are barred by *res judicata* is the situation where alle-

gations of trial counsel's incompetence are based on facts which do not appear in the record. (*People v. Turner* (1979), 74 Ill. App. 3d 840, 844, 393 N.E.2d 55, *appeal denied* (1979), 79 Ill. 2d 623.) This is the argument which defendant advances before this court. The "new facts" of defendant's trial counsel's alleged incompetency were presented to the Federal court in his *habeas corpus* hearing and at his hearing in the trial court below on his post-conviction petition.

One fact which was allegedly based upon evidence outside of the record is that defendant did not understand the concept of conflict of interest. However, as the Seventh Circuit Court of Appeals recognized, this is, in essence, "a legal conclusion masquerading as a factual allegation" and defendant is actually asserting that the State trial court failed to provide him sufficient information and advice in order to permit an intelligent waiver. (*United States ex rel. Tonaldi v. Elrod* (7th Cir. 1983), 716 F.2d 431, 435.) This issue has already been resolved, for both our court and the Seventh Circuit Court of Appeals have determined that the trial court's efforts in this regard were sufficient. *People v. Tonaldi* (1981), 98 Ill. App. 3d 528, 531; *United States ex rel. Tonaldi v. Elrod* (7th Cir. 1983), 716 F.2d 431, 438-39.

The next new fact which defendant alleges is that he relied upon the advice of his trial counsel when he made his choice to accept joint representation. As the Seventh Circuit pointed out, however, the concern is not what motivates a defendant to make a choice, but whether he was provided with sufficient information upon which to make the decision. (*United States ex rel. Tonaldi v. Elrod* (7th Cir. 1983), 716 F.2d 431, 435, citing *United States v. Davis* (7th Cir. 1979), 604 F.2d 474, 482.) Therefore, this new factual allegation does not bear on the question of attorney incompetence.

The remaining new evidence, which defendant presented at his post-conviction hearing, consisted of his trial counsel's admission that he did not comprehend the potential harm in allowing Masorlian to testify and that he may have "made a mistake." This admission, however, adds nothing to defendant's cause. It was apparent in the record as it stood in the direct appeal that there was, in fact, actual conflict in the codefendant's testimony at trial (*People v. Tonaldi* (1981), 98 Ill. App. 3d 528, 531), which should have alerted defendant's appellate counsel that the trial counsel may have "made a mistake" in deciding to proceed with joint representation.

■ According to our evaluation of defendant's post-conviction petition, we conclude that he has failed to present any new facts which were not included in the previous record on appeal to this court or in the record before the Federal court. Defendant could have brought

this issue before us in his direct appeal, or in his *habeas corpus* proceeding, especially since he raised the issue of the competency of trial counsel. (See *People v. Cartee* (1982), 104 Ill. App. 3d 754, 756, 433 N.E.2d 326, *appeal denied* (1982), 91 Ill. 2d 561.) Moreover, defendant has not stated in his post-conviction petition why he failed to urge this issue previously. In the absence of any allegations which would excuse defendant from not raising this basis for post-conviction relief, it is deemed waived. (*People v. Toles* (1976), 40 Ill. App. 3d 651, 652, 352 N.E.2d 58; see also *People v. Peery* (1982), 108 Ill. App. 3d 843, 845-46, 439 N.E.2d 1087, where a dismissal of a petition for post-conviction relief was affirmed on the grounds of *res judicata* based upon proceedings in defendant's *habeas corpus* litigation.) For the reasons stated above, we hold that the trial court properly dismissed defendant's post-conviction petition.

Accordingly, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

HARTMAN, P.J., and PERLIN, J., concur.