**UNITED STATES of America ex rel.**
**Ronald TONALDI, Petitioner,**

v.

**Richard J. ELROD, Sheriff of Cook County, State of Illinois, and Neil Hartigan, Attorney General of the State of Illinois, Respondents.**

No. 85 C 1780.

United States District Court,
N.D. Illinois, E.D.

July 1, 1985.

Julius L. Echeles, Chicago, Ill., for petitioner.

Mark Rotert, Asst. Atty. Gen., Scott Mayer, Asst. State's Atty., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This is the second petition for a writ of habeas corpus that Ronald Tonaldi ("Tonaldi") has filed to vacate his state conviction for possession of more than 30 grams of cocaine. Tonaldi asserts that his trial counsel was incompetent, and that he was therefore denied his Sixth Amendment right to effective representation. Respondents ("the State") have moved to dismiss the petition, arguing mainly that Tonaldi waived his claim by not raising it on direct appeal in the state court. For the reasons stated below, we agree and therefore grant the motion to dismiss.

Tonaldi was convicted in December 1979. He has already been through the state court system twice and the federal system once. The Appellate Court of Illinois affirmed. *People v. Tonaldi*, 98 Ill.App.3d 528, 54 Ill.Dec. 297, 424 N.E.2d 1200 (1981). On January 18, 1982, Tonaldi filed his first habeas petition in this Court. We granted the writ, *U.S. ex rel. Tonaldi v. Elrod*, 541 F.Supp. 608 (N.D.Ill.1982), but the Seventh Circuit reversed. 716 F.2d 431 (7th Cir. 1983). Tonaldi returned to state court on a petition for post-conviction relief, based upon new grounds (which we shall discuss shortly) alluded to by the Seventh Circuit in its opinion. The trial court denied the petition, and the Appellate Court affirmed, *People v. Tonaldi*, 129 Ill.App.3d 183, 84 Ill.Dec. 373, 472 N.E.2d 123 (1984). The Illinois Supreme Court denied leave to appeal in February 1985, and this new petition for habeas relief followed.

The facts surrounding Tonaldi's conviction are undisputed and set forth in the earlier opinions. We shall only summarize them here. Tonaldi and two co-defendants were arrested when police stopped a car the three were in and found a vinyl bag containing cocaine on the seat. One defense attorney, Tonaldi's relative, represented all three. Counsel was present at a preliminary hearing on a motion to suppress, in which co-defendant Carole Masorlian ("Masorlian") testified that when Tonaldi picked her up on the day they were arrested, he was alone in the car, and she saw the vinyl bag there. This testimony thus linked the bag to Tonaldi, which tended to incriminate him but exculpate her.

Before the bench trial on the merits was to begin, the Assistant State's Attorney alerted the judge to the possible conflict of interest between Tonaldi and Masorlian. The Court conducted a colloquy with both lawyers and Tonaldi, and Tonaldi elected to continue retaining his counsel, Mr. Solomon. *See Tonaldi*, 716 F.2d at 432–33 (reproducing colloquy). At trial the situa-

tion foreshadowed in the preliminary hearing happened. Masorlian repeated her testimony that she first saw the vinyl bag on the floor in the front of the car when Tonaldi, alone in the car, picked her up. The trial judge relied on this testimony in convicting Tonaldi and acquitting Masorlian. *See* 541 F.Supp. at 609 n. 3.

On direct appeal, current counsel represented Tonaldi. Tonaldi argued that the conflict of interest which occurred at trial deprived him of his right to effective assistance of counsel. The Appellate Court held that, although an actual conflict happened, Tonaldi had knowingly and intelligently waived his right to separate counsel. *People v. Tonaldi*, 98 Ill.App.3d at 531, 54 Ill.Dec. at 300, 424 N.E.2d at 1203. Following an evidentiary hearing on Tonaldi's first habeas corpus petition, we granted the writ, 541 F.Supp. 608 (1983), holding that Tonaldi had not intelligently waived his right.

In reversing, the Seventh Circuit distinguished two types of Sixth Amendment claims, one of which Tonaldi had raised and one he had not. Up until then, Tonaldi had asserted that the actual conflict of interest adversely affected his lawyer's representation, and that he had not waived his right to an attorney devoted to his interests. The Seventh Circuit pointed out, however, that Tonaldi "did not claim ... that his *attorney's decision* to represent co-defendants was inconsistent with the minimum standards of competent representation." 716 F.2d at 436 (emphasis added). The claim he actually raised focussed on him, that is, on whether *he* knowingly waived his right to a trial free of a conflict of interest. The claim he did not raise focusses on his trial attorney, that is, on whether counsel's decision to represent Tonaldi and Masorlian was so foolish and prejudicial as to fall below the constitutional standards since announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Seventh Circuit did not reach this second issue because it had not been raised and because it had not been "raised in the Appellate Court of Illinois and ... [involved] facts outside of the trial court record. This possible claim is therefore unexhausted, *see Perry v. Fairman*, 702 F.2d 119, 122 (7th Cir.1983), and we express no opinion on its merits." 716 F.2d at 436–37.

This second type of claim is what Tonaldi now asserts. Apparently relying on the Seventh Circuit's assertion that this claim was unexhausted, Tonaldi filed it in a petition for post-conviction relief in state court. After losing in the state trial and appellate courts, he reappeared here. The State again asserts a "waiver" defense, although a different kind of waiver defense than it asserted the first time. The State argues that Tonaldi could have raised this incompetence argument in the direct appeal of his conviction. His failure to do so means he has waived it for habeas corpus purposes, despite what the Seventh Circuit said about the issue. We agree, and therefore grant the motion to dismiss.

██ It is now well established that a state prisoner waives claims which he failed to raise on direct appeal, absent "cause" for the failure and resulting "prejudice." *See United States ex rel. Spurlark v. Wolff*, 699 F.2d 354, 356 (7th Cir. 1983) (en banc). However, such a claim is not waived if it is based on facts not contained in the record on appeal. *See United States ex rel. Devine v. DeRobertis*, 754 F.2d 764, 766 (7th Cir.1985). The parties agree that these standards apply, but disagree on whether the facts in the record at the time of the direct appeal could have supported Tonaldi's current claim.

The Illinois Appellate Court thought Tonaldi could have raised the issue on direct appeal. 129 Ill.App.3d at 188–89, 84 Ill. Dec. at 377, 472 N.E.2d at 127. We also think he could have done so. Tonaldi's new counsel was well aware of the questionable competency of trial counsel since he raised a closely related issue on direct appeal. Indeed, from the face of trial record such a claim could have been raised. Every court which has seen the case has recognized that a conflict was first evident from Masorlian's testimony at the preliminary hear-

ing. Despite this obvious and fundamental conflict, Tonaldi's attorney decided he could handle the trial. This decision, which quite probably was incompetent, was apparent from the record. Tonaldi has offered no explanation for his failure to raise the issue on direct appeal.[1]

Tonaldi points to some facts discovered since the direct appeal and argues that these bring him within the exception to waiver. These facts do not undermine the above conclusion. One "fact" is trial counsel's admission that he was unaware that Masorlian's testimony would incriminate defendant, and that he might have "made a mistake." We agree with the State Appellate Court that this admission "adds nothing to [Tonaldi's] cause." 129 Ill.App.3d at 188, 84 Ill.Dec. at 377, 472 N.E.2d at 127. Counsel's "mistake" was apparent from the trial record. To raise the issue on appeal, it was not necessary that trial counsel realize his error. Tonaldi has not explained why appellate counsel could not have done so regardless of trial counsel's realizations. Other "new facts" are that Tonaldi did not understand the conflict issue, and that he relied on counsel's advice that counsel "could handle" the problem. Tonaldi's own understanding is irrelevant as it bears only on the waiver issue which was dealt with on Tonaldi's first habeas petition. Counsel's advice, however, does relate to his competence. His advice to Tonaldi that "all is well" compounds his allegedly incompetent decision to represent both defendants. But this new fact, while adding something to Tonaldi's case, does not *make* his case. In other words, Tonaldi

could have raised the competency issue on direct appeal regardless of this later fact. Simply because later facts further support an issue which could have been raised on direct appeal does not mean the issue could not have been raised in the first place. While pointing to these "new facts," Tonaldi does not explain why he could not have relied on "old facts" alone.

The only thing which gives us pause is the *dictum* by the Seventh Circuit that the current issue is "a claim involving facts outside of the trial court record ... [and] therefore unexhausted." This *dictum* apparently led Tonaldi to file his new claim here and in state court, and we regret that he has been led astray. But the Seventh Circuit made its statement in *dictum* as it never directly considered whether the claim involved "new facts." When the issue was presented squarely, both this Court and the state courts concluded that it could have been raised on direct appeal. The Seventh Circuit's citation of *Perry v. Fairman*, 702 F.2d 119, 122 (7th Cir.1983), leads us to believe that it merely *assumed* (not unfairly) that the new claim would rest on facts outside of the record. *Perry* states that a claim of ineffective assistance of counsel is such that it cannot usually be raised on direct appeal.[2] As such, the petitioner there had to repair to state court to exhaust meaningful state post-conviction remedies. The *Tonaldi* decision apparently assumed that the general situation as stated in *Perry* would apply here. But this assumption in *dictum* turned out to be false.[3] This was the exceptional situation

---

1. We by no means condemn Tonaldi's fine counsel for this failure. The difference between the claim he did raise on direct appeal and the one he raises now is subtle. It eluded everyone (including this Court) until the Seventh Circuit noticed it on appeal. However, subtlety of an issue is not "cause" for failing to raise it, so long as it could have been raised on the basis of the existing record.

2. Typically, claims of ineffective assistance of counsel may require inquiry into such extra-record facts as what witnesses counsel had interviewed, what kind of research he or she had done, what alternative strategies he or she had considered and so on.

3. One might wonder why the Seventh Circuit flagged the whole new issue in the first place. Tonaldi hints that the Court was suggesting another way for him to seek relief. We doubt that. The Seventh Circuit is generally not free with its advice to prisoners on how to get relief. We think it more likely that the Court raised the new issue in order to bolster its holding that the old issue was waived. The issue actually raised by Tonaldi was waivable, while the issue not raised, competency, was not. Thus, by establishing that the competency issue was not properly before it, the Court disposed of a potential impediment to its waiver holding. However, in disposing of this issue in *dictum,* the Court

where the competency claim *could* have been "readily raised on direct appeal." *Perry*, 702 F.2d at 122. As we noted above, the issue was plain from the face of the trial record and did not require the usual probing into counsel's mental processes or alternative strategies.

 In sum, we must (somewhat regrettably) hold that Tonaldi waived his competency claim. We also find no "cause" for his failure to raise the claim on direct appeal. Accordingly, we grant the State's motion to dismiss.[4] It is so ordered.

---

relied on "exhaustion" rather than "waiver." (By this "waiver" we now mean the second type of "waiver," that is, waiver for failure to raise an issue on appeal.) As we note in the text, waiver would have been the proper basis for doing so.

4. Obviously, then, we need not reach the merits of the *Strickland* issue.