UNITED STATES of America, ex rel.
Ronald TONALDI,
Petitioner-Appellant,

v.

Richard J. ELROD, et al.,
Respondents-Appellees.

No. 85–2447.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 28, 1985.

Decided Jan. 24, 1986.

Julius Lucius Echeles, Chicago, Ill., for petitioner-appellant.

Scott Graham, Atty. Gen., Chicago, Ill., for respondents-appellees.

Before CUMMINGS, Chief Judge, BAUER, Circuit Judge, and CAMPBELL, Senior District Judge.*

CUMMINGS, Chief Judge.

This appeal comes to us from a denial of the habeas corpus petition of petitioner Ronald Tonaldi ("Tonaldi") by the district court. The issue raised here is whether petitioner's failure to raise on direct appeal the claim that his attorney's decision to represent co-defendants was inconsistent with the minimum standards of competent representation bars petitioner from now raising this claim in federal court. For the reasons set out below, we affirm the district court's determination that petitioner's failure to raise this claim in state court constituted a waiver of his right to pursue this claim in federal court. Because of the complex procedural history of this case, the prior proceedings of this case must be described in some detail.

I

In 1979 petitioner's car was stopped for running a red light. Petitioner was driving and had two passengers in his car: Dan Brissa and Carol Masorlian. A police officer approached the car and spotted a dark vinyl container on the front seat of the car. Inside this container was a clear plastic bag of white powder. Petitioner, Brissa, and Masorlian were all indicted for unlawful possession of cocaine. Petitioner and his two co-defendants retained the same trial counsel.

The preliminary hearing clearly raised serious doubts as to whether one counsel could properly represent all three defendants. At this hearing, Masorlian testified that the dark vinyl container did not belong to her, and that the container was already in the car when she entered it when petitioner was its sole occupant. Defense counsel heard this testimony of Masorlian, which was exculpatory with respect to her and Brissa and inculpatory with respect to petitioner, yet continued to represent all three defendants. The assistant State's attorney, cognizant of this conflict, initiated a colloquy with the court prior to trial, the relevant portions of which were cited on appeal of petitioner's first petition for habeas corpus. *United States ex rel. Tonaldi v. Elrod*, 716 F.2d 431, 432–33 (7th Cir.1983). In this exchange the trial court explained its concern to petitioner and asked him if he objected to defense counsel's joint representation; petitioner said no. At trial Masorlian testified in the same manner as she did at the preliminary hearing. Of the three defendants, only petitioner was found guilty of possessing cocaine. He received a four-year sentence.

Petitioner then began his long odyssey through the state and federal court systems. On his direct appeal to the Appellate Court of Illinois, petitioner claimed that because of the above conflict of interest, his trial counsel's assistance was constitutionally defective. The court concluded though that petitioner "made an intelligent and knowing waiver of his right to separate counsel" and affirmed his conviction. *Tonaldi*, 716 F.2d at 433–34, quoting *People v. Tonaldi*, 98 Ill.App.3d 528, 54 Ill.Dec. 297, 424 N.E.2d 1200 (1st Dist.1981).

---

* The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, is sitting by designation.

Petitioner then filed his first habeas corpus petition in the court below, raising the same issue. In 1982 that court held an evidentiary hearing where petitioner testified that he relied on the advice of his trial counsel that he could properly represent all three defendants when petitioner declined to object to his trial counsel's joint representation of all three co-defendants, and that he "really didn't understand" the trial court's warning about a conflict of interest and question to petitioner regarding any objection to joint representation. The district judge found that petitioner's waiver was not knowing and intelligent and ordered petitioner released from custody. *United States ex rel. Tonaldi v. Elrod,* 541 F.Supp. 608, 610, 612–13 (N.D.Ill.1982).

Respondents appealed this determination to us. We reversed the district court and held that petitioner did indeed make a knowing and intelligent waiver of his Sixth Amendment right to counsel free from a conflict of interest. *Tonaldi,* 716 F.2d at 437–40. Significantly, and in *dictum,* we noted that there were two distinct Sixth Amendment claims which were not coextensive. One claim, which petitioner did raise, was that a conflict of interest adversely affected his trial counsel's performance. A second claim, which petitioner did not raise, was that his trial counsel's "decision to represent co-defendants was inconsistent with the minimum standards of competent representation." *Id.* at 436. We further noted that his second possible claim was "an issue not raised in the Appellate Court of Illinois and a claim involving facts outside of the trial court record," and "is therefore unexhausted." *Id.* at 436–37.

Not surprisingly, petitioner next returned to state court to pursue this second claim. At a hearing before the Circuit Court of Cook County, petitioner's trial counsel admitted that he "might have made a mistake" in continuing to represent all three defendants. *People v. Tonaldi,* 129 Ill.App.3d 183, 187, 84 Ill.Dec. 373, 472 N.E.2d 123 (1st Dist.1984). Nevertheless, the county circuit court dismissed petitioner's post-conviction petition, and the Appel-

late Court of Illinois affirmed this dismissal, holding that petitioner waived his claim of incompetent trial counsel by not raising it on direct appeal. *Id.* at 187–89, 84 Ill. Dec. 373, 472 N.E.2d 123; *see also United States ex rel. Devine v. DeRobertis,* 754 F.2d 764, 766 (7th Cir.1985) ("The rule in Illinois is that a defendant who neglects to raise a claim of inadequate representation on direct appeal may not later assert that claim in a petition for post-conviction relief;" court cites numerous Illinois cases). The Appellate Court noted that the one exception to the general rule that an issue which could have been raised on direct appeal is barred is "the situation where allegations of trial counsel's incompetence are based on facts which do not appear in the record." *Tonaldi,* 129 Ill.App.3d at 187–88, 84 Ill.Dec. 373, 472 N.E.2d 123, citing *People v. Turner,* 74 Ill.App.3d 840, 844, 30 Ill.Dec. 400, 403, 393 N.E.2d 55, 58 (1st Dist.1979), *appeal denied,* 79 Ill.2d 623 (1979); *see also DeRobertis,* 754 F.2d at 766. The Appellate Court concluded that this exception did not apply since all of the facts necessary for petitioner to raise this claim were contained in the trial court record.

Petitioner then paid his second visit to Judge Aspen who held this time that petitioner waived his claim of trial counsel incompetency by not raising it on direct appeal. *United States ex rel. Tonaldi v. Elrod,* 613 F.Supp. 768 (N.D.Ill.1985).

## II

As an initial matter, it is useful to examine carefully precisely what is at issue on this appeal, for the coexistence of both state post-conviction relief and federal habeas corpus appears to have created some confusion. It is clear that as a matter of Illinois state law, a defendant who fails to raise a claim of inadequate representation on direct appeal may not later assert that claim in a petition in state court for post-conviction relief, except if the basis for his claim does not appear in the trial court record. *DeRobertis,* 754 F.2d at 766. It is

equally clear that the issue of whether the state court in this case properly applied the Illinois waiver doctrine is a matter of state law which is not reviewable on a petition for habeas corpus. *DeRobertis*, 754 F.2d at 765–66. Instead, what is at issue here is whether petitioner's procedural default in state court (his failure to raise this claim on direct appeal in the state court system) constitutes a waiver which bars him from raising it in a habeas corpus petition in federal court. This situation involves a distinct waiver doctrine which takes its roots in federal law. The waiver doctrine for state post-conviction relief shares some of the policy concerns that have been articulated for the waiver doctrine for federal habeas corpus: the need for finality in criminal litigation, and the desire to focus attention on "the trial of a criminal case in state court as a decisive and portentous event." *Wainright v. Sykes*, 433 U.S. 72, 90, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594. However, the waiver doctrine for habeas corpus—whether a *federal* court should respect a *state* procedural default—raises additional concerns of comity and federalism. See, *e.g.*, *DeRobertis*, 754 F.2d at 766.

The Supreme Court has held that "when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas corpus relief absent a showing of cause and prejudice." *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783. We have applied this "cause and prejudice" standard, first set forth by the Supreme Court in *Sykes*, to a state prisoner's failure to raise a claim on direct appeal. *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir.1983) (en banc), including when the claim not raised on direct appeal is inadequate representation by trial counsel. *DeRobertis*. Petitioner must therefore show cause for failure to raise this claim of inadequate representation on direct appeal, and actual prejudice from this default.

The precise contours of what constitutes a showing of cause under the *Sykes* cause and prejudice standard have not been rigidly delineated. We have previously noted, along with two other circuits, that cause

should be given "a flexible definition that may change depending on the degree of prejudice shown." *Clay v. Director, Juvenile Division, Department of Corrections*, 749 F.2d 427, 434 (7th Cir.1984), certiorari denied, —— U.S. ——, 105 S.Ct. 2344, 85 L.Ed.2d 858. Relevant factors include "the competence of counsel [this refers to counsel who caused the procedural default, which in our case is appellate counsel], the procedural context in which the asserted waiver occurred, the character of the constitutional right at stake, and the overall fairness of the entire proceeding." *Clay*, 749 F.2d at 434, quoting *Sykes*, 433 U.S. at 95–96, 97 S.Ct. at 2511 (Stevens, J., concurring).

In view of these factors, we hold that petitioner would show sufficient cause for his failure to appeal his claim that trial counsel's decision to represent co-defendants was inconsistent with the minimum standards of competent representation if he could show that the basis for this claim does not appear in the trial court record and hence could not be raised on direct appeal. See *Qualls v. United States*, 774 F.2d 850 (7th Cir.1985) (court noted that "some of the petitioner's claims could not have been raised on direct appeal, and thus ... his failure to take such an appeal should not preclude our review here"). The fundamental nature of the constitutional right at issue—the right to competent legal representation—and the dramatic impact on the fairness of the trial if indeed trial counsel was incompetent warrant this conclusion. If there is no basis for the claim in the trial court record, then in no way can appellate counsel be accused of "sandbagging," a policy concern previously voiced by the Supreme Court. *Sykes*, 433 U.S. at 89, 97 S.Ct. at 2507. Any contrary application of the cause standard would allow possible "miscarriages of justice," which the cause and prejudice standard is designed to prevent. See *Sykes*, 433 U.S. at 91, 97 S.Ct. at 2508; *Clay*, 749 F.2d at 433.

■ Petitioner, the court below, and previous decisions of this court, *see DeRobertis*, 754 F.2d at 766–67, seemed to assume implicitly that the exception to the state waiver rule for post-conviction relief (failure to raise claim on direct appeal excused if no basis for the claim in trial court record) would also excuse a procedural default for purposes of habeas corpus relief. As we noted above, waiver for state post-conviction relief and waiver for federal habeas corpus relief are two separate issues, so that this legal conclusion is not self-evident. Nevertheless, we explicitly hold today that if there is no basis for a claim of incompetent trial counsel in the trial court record, then a petitioner who failed to raise the claim on direct appeal satisfies the cause prong of the *Sykes* standard. We therefore interpret petitioner's contention that extra-record facts are essential to his claim as an attempt to show cause under the *Sykes* standard, even though petitioner does not frame it as such.

Applying this standard to the instant case, we conclude that there was an adequate basis for this claim in the trial court record and consequently petitioner has shown no cause for not raising this claim on direct appeal. While he claims that several new facts arose at both the 1982 habeas corpus hearing in federal district court on petitioner's first habeas petition and the hearing in the state court on his petition for post-conviction relief, we disagree. At the hearing in state court, trial counsel admitted that he may have made a mistake in representing both petitioner and his co-defendant Masorlian. See *supra* p. 667. But this mistake was clear from the outset, when during the preliminary hearing Masorlian's testimony of the events of the day in question was exculpatory with respect to her and Brissa and inculpatory with respect to petitioner. We agree with the Appellate Court that this admission by trial counsel adds nothing to petitioner's cause. *Tonaldi*, 129 Ill.App.3d at 188, 84 Ill.Dec. 373, 472 N.E.2d 123. At the 1982 hearing in district court, petitioner testified that he did not really understand the conflict issue when the trial judge asked him if he wanted a separate attorney. See *supra* p. 667. However, this fact is relevant only for the waiver issue with respect to petitioner's claim that he raised on his first trip through the federal system (whether he waived his right to counsel free from a conflict of interest), and not for the claim currently raised by petitioner. Petitioner also testified at the 1982 federal hearing that he relied on the advice of his trial counsel when he chose to accept joint representation, because trial counsel assured petitioner that he could handle all three defendants properly. See *supra* p. 667. As Judge Aspen aptly noted, although this fact may add something to petitioner's present claim, he has failed to show why this later fact was necessary to enable him to raise the present claim. "Simply because later facts further support an issue which could have been raised on direct appeal does not mean the issue could not have been raised in the first place." *United States ex rel. Tonaldi v. Elrod*, 613 F.Supp. 768, 771 (N.D.Ill.1985).

Petitioner correctly notes that when we reviewed his first writ of habeas corpus, we noted that there were two distinct Sixth Amendment claims and that the Sixth Amendment claim that petitioner had never raised involved facts outside of the trial court record. *Tonaldi*, 716 F.2d at 436–437. However, that statement was clearly made in *dictum*, and the Court never thoroughly considered whether the claim involved new facts outside of the trial court record. Squarely faced with this issue today, it is apparent that the present claim does not involve new facts outside of the trial court record.

■ Respondents contend that the question whether there was an adequate basis for petitioner's claim in the trial court record has already been determined in the affirmative by the Appellate Court of Illinois, and that this is a factual finding which, according to 28 U.S.C. § 2254(d), deserves a presumption of correctness and should be upheld so long as it is fairly supported by the record (Br. 10). We disagree with this contention, although even

without employing this more deferential standard of review we agree with respondents that there was an adequate basis for petitioner's claim in the trial court record. This question is not a matter of fact to which 28 U.S.C. § 2254(d) applies. As the Supreme Court recently noted, the fact/law distinction is often an elusive one, but in part turns on whether the trier of fact is better positioned to decide the issue in question, such as when the issue involves the credibility of witnesses. *Miller v. Fenton,* —— U.S. ——, ——, 106 S.Ct. 445, 451–54, 88 L.Ed.2d 405. The question whether a legal claim had an adequate basis in the trial court record does not involve the credibility of witnesses. Therefore this Court is as well suited to answer this question as the state trial court that heard petitioner's petition for post-conviction relief. On our own we conclude that the trial record contained an adequate basis for petitioner's claim.

Petitioner additionally argues that even if no extra-record facts are necessary to the claim, then nevertheless we should still reach the merits of the claim because either the claim's "subtlety" is cause for not raising it on direct appeal, or alternatively because appellate counsel was incompetent for not having raised it on direct appeal. Neither of these arguments has merit. First, we agree with Judge Aspen's comment that "subtlety of an issue is not 'cause' for failing to raise it." *Tonaldi,* at 771. Second, petitioner cannot claim cause by merely asserting the incompetence of an appellate counsel. Although incompetence of counsel may provide cause for a procedural default, *Clay,* 749 F.2d at 430, there has been no such showing in the instant case. Not every failure to appeal a claim which does not depend on extra-record facts can constitute incompetence, for if it did the circle would be complete: if the claim depended on extra-record facts, then petitioner would have cause for not raising the claim on direct appeal, and if the claim did not depend on extra-record facts, then appellate counsel would be incompetent and petitioner would again have cause for not raising the claim on direct

appeal. Such a result would completely undermine our holding in *Spurlark.* See *Clay,* 749 F.2d at 434 (Posner, J., concurring); *Clay,* 749 F.2d at 437 (Bauer, J., specially concurring) (Judge Posner expressing fear that majority opinion might be read as meaning that any failure to appeal is incompetence per se; Judge Bauer saying that this fear is not warranted).

Accordingly, we affirm the district court's grant of respondents' motion to dismiss.