968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marc Anthony BELL, Petitioner-Appellant,
v.
Larry MIZELL and Roland W. Burris,**
Respondents-Appellees.
 No. 90-3098.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided June 26, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Marc Anthony Bell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court issued an order denying Bell's petition and Bell appealed.[1] We affirm for the reasons stated in the attached order of the district court.[2]
 
 
 2
 AFFIRMED.
 
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 3
 UNITED STATES ex rel. MARC ANTHONY BELL, Petitioner,
 
 
 4
 v.
 
 
 5
 LARRY MIZELL and NEIL F. HARTIGAN, Respondents.
 
 No. 88 C 618
 August 8, 1990
 MEMORANDUM OPINION AND ORDER
 
 6
 PLUNKETT, District Judge.
 
 
 7
 Marc Anthony Bell ("Bell") has petitioned this court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, for release from state custody after a conviction for two murders. Bell's petition seeks relief on eleven different grounds, each of which we analyze below. For the reasons set forth below, we deny Bell's petition for a writ of habeas corpus.
 
 Background
 
 8
 1. Procedural History.
 
 
 9
 Following a jury trial in June, 1975, in the Circuit Court, Winnebago County, Illinois, Bell was found guilty of the murders of George Vern Orvis and Albert Benedict Grebas. The trial court sentenced Bell to two concurrent 40 to 60 year sentences.
 
 
 10
 In 1977, Bell took a direct appeal to the Illinois Appellate Court, Second District. Bell presented the following issues to the Illinois appellate court on direct appeal:
 
 
 11
 1. Whether the defendant was proven guilty of murder beyond a reasonable doubt?
 
 
 12
 2. Whether defendant was denied his right to self-representation under the Sixth and Fourteenth Amendments to the United States Constitution and the decision of the United States Supreme Court in Faretta v. California?
 
 
 13
 3. Whether two forty to sixty year concurrent sentences are excessive where defendant had no prior criminal record and where there was evidence that defendant was provoked into the unpremeditated shootings?
 
 
 14
 (Resp. Exh. 1 at 2). The appellate court affirmed the convictions and sentences. People v. Bell, 49 Ill.App.3d 140, 363 N.E.2d 1202 (2nd Dist.1977) (hereinafter "Bell I "). The appellate court held that (1) Bell was proven guilty beyond a reasonable doubt in that a reasonable jury could conclude that based upon the testimony of the witnesses and the arguments Bell was guilty beyond a reasonable doubt; (2) Bell was not deprived of his constitutional right to represent himself because, while he did attempt to discharge the appointed public defender, he wished to retain alternate counsel, and never asked to represent himself; and (3) Bell's sentence was not excessive and was within the discretionary range of the sentencing judge.
 
 
 15
 On July 8, 1985, Bell filed a pro se petition for post conviction relief pursuant to the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat. ch. 38, § 122. On July 17, 1985, the Winnebago County Public Defender's Office was appointed to represent Bell. On December 12, 1985, Bell filed an amended post-conviction petition. The circuit court denied Bell post-conviction relief. Bell appealed the denial of post-conviction relief to the Illinois appellate court. In that appeal, Bell raised the following issues:
 
 
 16
 1. Whether the trial court should have appointed counsel other than the public defender due to the fact that the defendant was questioning the adequacy of his representation by the public defender during the trial and on appeal.
 
 
 17
 2. Whether the trial court properly dismissed the Amended Petition without holding an evidentiary hearing to determine whether the defendant was adequately represented on appeal.
 
 
 18
 (Resp.Exh. 3). The Illinois Appellate Court, Second District, affirmed the denial of post-conviction relief in an unpublished order (hereinafter "Bell II "). The court first held that Bell's claim with respect to ineffective assistance of counsel was not subject to review under the doctrine of res judicata because Bell had not advanced that claim on direct appeal as required by Illinois law. (Resp.Exh. 5 at 3-5). The court then held that Bell's claim that the trial court improperly dismissed the amended petition without holding an evidentiary hearing was waived because Bell failed to raise the issue of the adequacy of appellate counsel in either the post-conviction petition or at the original post-conviction hearing. (Resp.Exh. 5 at 5-6).
 
 
 19
 Petitioner filed a pro se petition for leave to appeal to the Illinois Supreme Court. That petition was denied on December 22, 1987.
 
 
 20
 2. Bell's Petition for a Writ of Habeas Corpus.
 
 
 21
 On January 22, 1988, Bell filed a petition for a writ of habeas corpus with this court. The petition seeks relief on eleven different grounds. The grounds follow as set forth by Bell in his petition[1]:
 
 
 22
 Ground One: Petitioners un-mentioned right guaranteed under 9th amendment ... was violated: In that arresting detectives was granted right to use alleged victims past murder conviction to obtain petitioners confidence and confession; using such statements as: "YOU ARE LUCKY TO BE ALIVE" ... ".. THAT GUY WAS IN THE JOIN FOR MURDER" ... "HE WENT FOR BAD" However, petitioner was not afforded that same right in defense strategy at trial, which resulted in murder conviction on two counts.
 
 
 23
 Ground Two (and Seven[2]): That the rights of the petitioner due process and equal protection under the 14th amendment ... was violated in that: Petitioner was prohibited form presenting prior acts of violence of one of the alleged victims in open court, it is now allowed in court.
 
 
 24
 Ground Three: Petitioner right under the 5th amendment ... was violated in that: Petitioner was subjected to mental & psychological techniques of persuasion in effect being induced and compelled to be a witness against himself.
 
 
 25
 Ground Four: Petitioner due process right under the 14th amendment ... was violated in that: the indictment was based on involuntary confession and hearsay evidence.
 
 
 26
 Ground Five: That denied petitioners right to assistance of counsel under the 6th amendment ... and article one section 8 of the Illinois constitution in that:
 
 
 27
 A. 1975 trial: petitioner fired attorney 10 times or more, revealing lack of faith, trust and support in court appointed Public Defender. Moreover, after alleged victims murder record was suppressed, petitioner utterly refused to participate in trial with P.D., and opted to be held in "BULLPEN" for duration of trial; emphatically illustrating irreconcilable antagonisms between petitioner and P.D.
 
 
 28
 B. 1977 appeal: Appellate defender completely overlooked explosive issue at trial of motion in limine, which resulted in petitioners refusal to participate in same, illustrating blatant incompetency.
 
 
 29
 C. 1985 Post-Conviction Petition: Winnebago County Court House appointed same P.D. office to represent me in P.C. proceedings despite contents of petition challenging past competency of same office. (Petitioner did not verbally complain, as he did not want to repeat what occurred ten years previously).
 
 
 30
 D. 1987 Post-Conviction Appeal: Appellate Court refused to represent petitioner on appeal, acknowledging 1977 appellate attorney incompetency. Private attorney appointed, but he refused to handle case to the Illinois Supreme Court, thus petitioner was forced to go in Pro Se; undermining right to attorney.
 
 
 31
 Ground Six: Petitioners 6th amendment ... was violated in that: Petitioners sister emotional outburst unduly influenced jurors and prevented a fair and impartial trial.
 
 
 32
 Ground Eight: That petitioners rights of due process and equal protection under law was violated in that: Extradition proceedings carried out was in violation of current laws.
 
 
 33
 Ground Nine: Petitioner 6th amendment right ... was violated in that Blacks was excluded from jury selection process.
 
 
 34
 Ground Ten: Petitioners ... rights in the 5th, 6th & 14th amendments was violated as mentioned in above grounds, essentially being all criminal rights in Judicial process, while not specifically mentioned, but covered in the 9th amendment ...
 
 
 35
 Ground Eleven: Petitioners right to proceed without counsel at 1975 trial was violated under article 1, section 8 of the Illinois constitution, and under the 14th amendment ...
 
 
 36
 Respondents admit that the petitioner has exhausted all of his available state court remedies. (Answer, p (a)).
 
 Discussion
 
 37
 1. Procedural Defaults.
 
 
 38
 The failure of a person convicted in state court to raise a federal claim on his state appeal is a procedural default which bars that claim from being considered on federal habeas corpus review unless that person can show "cause and prejudice." Murray v. Carrier, 477 U.S. 478, 489, 106 S.Ct. 2639, 2646 (1989); see also Mikel v. Thieret, 887 F.2d 733, 737 (7th Cir.1989); United States ex rel. Spurlark v. Wolff, 699 F.2d 354, 361 (7th Cir.1983) (en banc ). State court systems must generally be given a "fair opportunity" to analyze and resolve claims before habeas review, Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982), out of respect for the "demands of comity and finality." Engle v. Isaac, 456 U.S. 107, 134, 102 S.Ct. 1558, 1575 (1981).
 
 
 39
 We find it clear that none of the alleged constitutional violations found in Grounds One through Four and Grounds Six through Eleven[3] were presented to the Illinois appellate courts either on direct appeal or on appeal from the denial of post-conviction relief. Bell has procedurally defaulted on each of those ten Grounds. Thus, absent a showing of cause and prejudice as required by Wainwright v. Sykes, 433 U.S. 72 (1979), Bell's procedural default in state court bars federal habeas corpus review of those claims.
 
 
 40
 We find that Bell has failed to demonstrate either cause for the default or prejudice resulting therefrom. Bell does try to assert that the cause for the default is the ineffectiveness of appellate counsel. It is clear that ineffective assistance of counsel can be a cause for a procedural default. Murray v. Carrier, 477 U.S. at 488, 106 S.Ct. at 2645. However, Bell does not argue as a ground for his petition for habeas corpus, nor does Bell argue in any of his three reply briefs, that the reason he alleges his appellate counsel to be in effective is because appellate counsel failed to file an appeal on any or all of the grounds listed in Grounds One through Eleven (excluding Five). Rather, Bell alleges his appellate counsel to be ineffective because he failed to appeal on the issue of the admissibility of the victims' past criminal histories and propensities for violence. Thus, Bell has not demonstrated cause for failing to raise any of the ten issues found in Grounds One through Four or Six through Eleven. We therefore deny Bell's petition for habeas corpus on those ten Grounds.
 
 
 41
 2. Ineffective Assistance of Counsel.
 
 
 42
 A. Post-Conviction Proceedings.
 
 
 43
 Grounds Five (C) and (D) of Bell's petition allege a 6th amendment violation in that Bell was denied effective assistance of counsel in both his post-conviction petition proceedings and in the appeal of the denial of post-conviction relief to the Illinois appellate court. We deny Bell relief on these grounds because the Supreme Court has made clear that the right to appointed counsel and effective assistance from such counsel extends to the first appeal as of right and no further. Pennsylvania v. Finley, --- U.S. ----, 107 S.Ct. 1990 (1987). In Finley, the Supreme Court decided that an attorney who was appointed in Finley's state collateral review did not have to meet the constitutional standards of Anders v. California, 386 U.S. 738 (1967), because the prisoner had no constitutional right to appointed counsel in the state collateral review proceeding. In so deciding, the Court stated:
 
 
 44
 We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks to their convictions (citation omitted), and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.
 
 
 45
 107 S.Ct. at 1993. To the extent Bell is claiming he is entitled to any habeas relief on the grounds that he is being held in violation of the United States Constitution on the grounds set out in Grounds Five (C) and (D), we deny Bell's petition.
 
 
 46
 We pause to note that, while confusing, it does appear that Bell is attempting to argue (in the three reply briefs he filed with this court) that the ineffectiveness of all of his counsel in all of his post-conviction review proceedings satisfies his "cause" requirement on all of the other Grounds in his habeas petition (which we have dealt with above). To the extent Bell is making that argument, we disagree. The decision in Finley is clear that there is no federal constitutional requirement that counsel be appointed in collateral post-conviction proceedings, and that when counsel is appointed under state law the extension of the right to counsel does not carry with it all of the federally mandated procedural safeguards attendant to the right to counsel on direct appeal. We find that Bell's claim that his ineffective post-conviction counsel is not sufficient to satisfy the cause requirement of Wainwright v. Sykes.
 
 
 47
 B. Direct Appeal.
 
 
 48
 Ground Five (B) of Bell's petition alleges that his 6th amendment rights were violated because he was denied effective assistance of counsel on his direct appeal. Bell's problem is that he failed to raise that issue with the Illinois circuit court in his petition for post-conviction relief. The Illinois appellate court on appeal from the dismissal of Bell's post-conviction petition held that the issue regarding ineffective assistance of appellate counsel was waived:
 
 
 49
 We find that the [post-conviction] petition did not question the adequacy of defendant's appellate counsel. It did not specifically present that issue. It requested only that a new trial be granted. The adequacy of appellate counsel was not raised at the hearing on the petition.
 
 
 50
 (Resp.Exh. 5 at 4). The Illinois appellate court found that Bell waived his right to argue that his counsel on direct appeal was ineffective because Bell failed to raise that issue in his post-conviction hearing. The Illinois appellate court did not go on to examine the merits of Bell's claim. Because the Illinois courts have not examined the merits of Bell's claim because of Bell's waiver thereof, we find that Bell has procedurally defaulted on that claim. The only remaining issue is whether or not Bell can show cause and prejudice. Bell's only argument is that his post-conviction counsel was also ineffective. However, as we have explained above, any failure of post-conviction counsel cannot serve as the "cause" prong of the cause and prejudice requirement under Finley. We therefore deny Bell's petition for habeas relief on Ground Five (B).
 
 
 51
 C. Trial Counsel.
 
 
 52
 Ground Five (A) alleges that Bell was denied his 6th amendment right to counsel at his original trial because his trial counsel was ineffective. This claim was never raised either on direct appeal or on appeal from the denial of post-conviction relief.[4] It is therefore procedurally defaulted, and we must examine whether or not Bell has demonstrated cause and prejudice. Bell's argument, of course, is that his cause is his ineffective appellate counsel. This is precisely the argument that was anticipated (and allowed) in Murray v. Carrier.
 
 
 53
 Bell's problem, however, is that the Illinois appellate court, in the appeal from the denial of post-conviction relief, found that Bell waived the issue of ineffective appellate counsel by not raising it in his post-conviction petition. The Illinois courts have had no opportunity, as a result of Bell's waiver, to examine the issue of the adequacy of Bell's counsel on direct appeal. For us to examine that issue would violate the principles enunciated in Anderson v. Harless and Engle v. Isaac, both supra. The Seventh Circuit agrees. In United States ex rel. Tonaldi v. Elrod, 782 F.2d 665, 667-670 (7th Cir.1986), the court examined the effect of a state post-conviction waiver on federal habeas review. The Seventh Circuit held that an ineffective assistance of counsel claim, waived in the state post-conviction proceedings, cannot serve as "cause" under the cause and prejudice test in a federal habeas action. The court relied in part on federalism and comity concerns and concluded that a federal habeas court should respect a state procedural default. 782 F.2d at 668. We therefore conclude that Bell cannot rely on the alleged ineffectiveness of his counsel on direct appeal to establish the "cause" for his procedural default on his claim of ineffective trial counsel.
 
 
 54
 We must now tie up one loose end. We held above that Bell procedurally defaulted on his Grounds One through Four and Six through Eleven, and we withheld discussion of Bell's alleged cause and prejudice for his default. We reach that issue now. Bell alleges that his procedural defaults were due to the ineffectiveness of counsel on direct appeal.[5] Just as Bell cannot rely on the alleged ineffectiveness of counsel on direct appeal to satisfy the cause requirement for his habeas petition Ground Five (A) (ineffective trial counsel) because of Bell's waiver in the post-conviction proceedings, Bell cannot rely on it to satisfy the cause requirement for any other of his alleged grounds for habeas relief.
 
 Conclusion
 
 55
 For the reasons set forth above, we deny Bell's petition for habeas corpus.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The appellant filed a statement stating that he did not believe there is a need for oral argument. Accordingly, the appeal is submitted on the briefs and record
 
 
 **
 Roland W. Burris has been substituted as the proper party pursuant to Fed.R.App.P. 43(c)
 
 
 [1]
 Bell's attorney filed two motions upon the completion of briefing. He first requested leave to file a pro se "Supplemental Brief" which Bell sought to have filed in lieu of a reply brief (which had never been filed). Because the Supplemental Brief was submitted past the deadline for the filing of the reply brief, we deny leave to file the Supplemental Brief in lieu thereof. Later, Bell's attorney moved to withdraw as counsel due to conflict of interest after Bell filed a complaint against him with the Attorney Registration and Disciplinary Commission. In light of our disposition of this appeal, we deny this motion as moot. We also deny Bell's motion for appointment of new counsel
 
 
 [2]
 Bell argues that the district court incorrectly relied on Pennsylvania v. Finley, 481 U.S. 551 (1987), to conclude that he could not assert a claim of ineffective assistance of counsel in state post-conviction proceedings. We find that Bell has waived this issue as it was raised by the respondents before the district court, but Bell failed to address it in his subsequent reply brief
 
 
 [1]
 The language that follows is the language used by Bell in his petition for habeas corpus, with the exception that we have made spelling corrections. We omit the "[sic]" designation from the grammatical errors
 
 
 [2]
 Grounds Two and Seven state claims for relief on exactly the same grounds, and will therefore not be set forth here twice
 
 
 [3]
 We give separate consideration to Ground Five, the alleged ineffective assistance of counsel, below
 
 
 [4]
 In Bell's original appeal, he argued that he was denied his constitutional right to defend himself. In Bell's appeal from the denial of post-conviction relief, he argued (1) that the trial judge erred in not appointing new trial counsel because Bell and trial counsel did not get along, and (2) that Bell's appellate counsel was ineffective. In neither appeal did Bell ever argue that his original trial counsel was ineffective
 
 
 [5]
 We have already explained why Bell cannot rely on any alleged ineffectiveness of his counsel on appeal from the denial of post-conviction relief. See Finley, supra